COPEWOOD VS. TAYLOR'S adm'r.

1. A defendant cannot be permitted after verdict to object to the character in which the plaintiff sues, nor can a court in reviving a suit which has abated by the death of a party, constitute itself a judge of the facts alleged.

2. A want of *profert ad curiam* of the letters of administration, is not available, after verdict, to a defendant seeking to reverse a judgment obtained by an administrator; and the same principle must govern a case where an administrator is made a party after the abatement of a suit by the death of the plaintiff.

3. Where a party has contested a suit in the court below, he cannot be permitted to reverse a judgment obtained, because the record does not set out the particular defence which he insisted on when the cause was tried.

4. Where a judgment provides that the plaintiff shall recover certain slaves mentioned in the declaration, "if to be had, or their alternative values," as assessed by the jury—the words import no other meaning than to authorize the recovery of the slaves, and if either of the slaves cannot be had, then its value as assessed as aforesaid.

Error to the Circuit court of Lawrence county.

Peter W. Taylor, at September term, eighteen hundred and thirty-six, of the court aforesaid, declared against Copewood, in trover, for two slaves.

At the March term of the said court, in eighteen hundred and thirty-seven, the death of plaintiff in the suit was suggested, and on motion, it was ordered by the court, that the said suit should stand revived in the name of Samuel Henderson, administrator of the goods and chattels, rights and credits of said decedent.

7 P.                 5

And thereupon came the parties, and a jury of good and lawful men came also, who being elected, &c. and sworn the truth to speak upon the issue joined, upon their oaths said, they found the issue for the plaintiff, and assessed the value of the boy Dick at one thousand dollars, and the boy Tink also at one thousand dollars, and damages for the detention of said negroes Dick and Tink at eight hundred dollars: It was therefore considered by the court, that the plaintiff should recover of defendant, the negro slaves aforesaid in the declaration mentioned, if to be had, or the alternative values assessed as aforesaid by the jury, together with the sum aforesaid of eight hundred dollars, damages for the detention of said slaves, together with the costs by him about his suit in that behalf expended, &c.

*Hopkins & Parsons*, for plaintiff in error.
*McClung*, contra.

GOLDTHWAITE, J.—The errors which are insisted on, as sufficient to reverse the judgment rendered by the Circuit court are—

1st. Because the case was revived in an illegal mode, without proof that Henderson was the administrator of Taylor.

2d. Because there was no plea filed or issue joined, between the parties.

3d. Because the judgment authorizes the collection of the aggregate values of both the slaves, if one could be had and the other could not.

The court in reviving a suit which has abated by the death of a party, can no more constitute itself the judge

Copewood *vs.* Taylor's adm'r.

of the facts alleged, than it could if the suit was originally instituted by an administrator. In the first case, the counsel makes the suggestion of the abatement, and introduces a new party *on the record*—and in the latter, the necessary allegations are made in the declaration. In either case, the defendant is at liberty to contest the facts alleged, or to admit them, and deny their effect in law to charge him. But in neither case can he be permitted after verdict, to object to the character in which the plaintiff sues.

A want of *profert in curia*, of the letters of administration is not available after verdict, and the same principle must govern a case, where a party is made after the abatement of the suit by the death of the plaintiff. If the defendant had not appeared to the suit when the new party was made, he did appear as the record informs us, at the trial of the cause, and for aught which we can know, may have formed an issue on this very ground. We are not informed what the issue was, but if on a plea in abatement, the verdict, if for the plaintiff, would properly be as it now appears.

2d. The second assignment cannot be more available than the first. The earlier decisions of this court would sustain this assignment, but they have been overruled, and we think very properly so, by the case of Castleberry vs Pierce, (2 Stew. & Por. 141,) which was recognized and confirmed in that of Wheelock vs Fitch, (3 Por. 387.) At the present day, it would savour of undue refinement to decide, that when a party has contested a suit to the utmost in the court below, he shall be permitted to reverse the judgment obtained, because the re-.

cord does not state the particular defence which he insisted on when the cause was tried. To the appellate court, it is a matter of no importance whatever, what was the nature of the defence. Whether material or otherwise, the jury have declared it by the verdict to be unfounded in fact, and no ingenuity can present a view of this case, from which it can be perceived that any injury can result to the plaintiff in error, from the omission to spread his defence (whatever it was) on the record. There is no defence which he could have interposed, which would now avail him, and to permit him to reverse a judgment for the omission of that in the record, which if there, could not be reversed by him, would be grasping at the shadow and leaving the substance to sink. We do not fear that any difficulties will arise from thus declaring the law, but should cases occur in which the general rule will work an injury in any particular case, we doubt not but the ability of counsel will readily suggest a remedy.

We have been unable, from any consideration which we have given to the form of the judgment, to arrive at the conclusion that it authorizes the recovery of the value of both slaves, if one only can be had by the plaintiff. The words used cannot import any other meaning, as we conceive, than to authorize the recovery of the slaves, and if either of them cannot be had, then its value as assessed by the jury.

The judgment of the Circuit court is affirmed.