## BONNER v. GREENLEE'S heirs.

1. When lands are subjected to sale at the suit of an administrator, under the act of 1822, and a conveyance is made to the purchaser by the administrator, but there is no final decree by which he has been directed to convey the title, the title of the heirs at law, is not divested.

2. *Quere.* If under the act of 1822, the administrator is appointed sole commissioner to conduct the sale, and does so, and afterwards makes a report, setting out the sale and conveyance by him, and the judge of the county court endorsed the report, as approved by him, and orders it to be filed and recorded among the papers of the estate, is this order a final decree, or will it furnish evidence to warrant a decree *nunc pro tunc?*

3. When the plaintiffs claim title to land as the brother and descendants of a brother of the person last seized, it is not necessary to prove that the brothers were begotten in lawful wedlock: it is sufficient to show that they were the lawful brothers and legal heirs of the deceased.

4. When there are other heirs at law not joined in an action of trespass to try title, the objection, if good at all, can only be taken by plea in abatement.

5. An action of trespass to try title, must be brought against the tenant in possession, and it is no defence for him to show that he holds under a will for the benefit of others.

WRIT of error to the Circuit Court of Wilcox county.

Action of trespass to try title and recover possession of certain lands. The parties' plaintiff are David Greenlee, James D. Davidson and Hannah, his wife, John P. Finley and Mary Jane, his wife, James L. Watson and Sarah, his wife, John F. Greenlee, Martha Greenlee, William Greenlee and Francis Greenlee. The cause was tried upon the general issue and other pleas, and a verdict returned for the plaintiffs. affirming that they were entitled to two undivided third parts of the lands specified, and ascertaining also the damages assessed for the detention of the same. On this verdict, judgment was rendered, and Bonner prosecutes the writ of error.

The title of the plaintiffs, as it was shown in evidence, was this, Samuel Greenlee was the patentee of the lands, and died in 1823, without leaving any descendants. He had two brothers and one sister, who survived him, and were his heirs at law. David Greenlee, one of the plaintiffs, is one of the brothers, and the other plaintiffs, except the husbands of such as are described as *covert*, were all children and heirs at law of James Greenlee the other brother of Samuel. James died in the year 1840.

The defendant made title under a deed from William Black, as administrator of Samuel Greenlee, and proved that he was appointed administrator, by the orphans court of Wilcox county, the 22d Dec. 1823. The defendant also shewed, by the records of that court, that Black filed a petition therein for the sale of the lands in dispute here, at the February term, 1825, in which he prayed for their sale, alleging that the personal property of his intestate, was not sufficient to pay the debts due. On this petition, a decree was rendered for the sale, afterwards Black made return of the sale of the lands made by him, upon which the following order was made: "Examined, approved and ordered to be recorded, and to be filed in office among the papers of the said estate." This order is signed by the judge of the county court, and dated 12th February, 1828. No other order was shown, and no final decree was made by the judge of the county court, directing the administrator to convey the lands to the purchaser. Samuel Bonner purchased the lands, and a deed to him from Black, the administrator of Greenlee, was produced and proved.

The defendant then proved, that Samuel Bonner went into possession of the lands, and held the same until his death. He left several children, some of whom are of age, but were not in

possession of the lands.   William Bonner, the defendant, is the executor of the last will of Samuel Bonner, and holds possession of, and cultivates the lands under a clause of the will.   In this way, he has had possession from 1st January, 1839.

On this state of proof, the defendant moved the court to instruct the jury,

1.  That unless the plaintiff proved that the brothers and sisters of Samuel Greenlee were begotten in lawful wedlock, the plaintiffs were not entitled to recover.

In answer to this request, the court instructed the jury, that the proof must show the plaintiffs were the lawful brothers and sisters, and their descendants, and the legal heirs of Samuel Greenlee.

2.  That the order of the judge of the county court made upon the return of the sale of the lands, was such a final decree as would divest the title out of the heirs of Samuel Greenlee.

This was refused, and the jury instructed, that to divest such title, there must be a final decree or order, confirming the sale and directing the conveyance of the lands to the purchaser.

In explanation of this charge, it is stated, that the petition showed it was filed under the act of 1822.

3.  It was shown in evidence, that there were other heirs at law of Samuel Greenlee, who were not joined in the action, and upon this the court was asked to charge, that the present plaintiffs could not recover.   This was refused.

4.  That if the defendant held the possession only, as the representative of Samuel Bonner, then that the plaintiff ought not to recover.   This was refused.

The defendant excepted, and here assigns the same matters· as error.

BETHEA, for the plaintiff in error.
SELLERS, contra.

GOLDTHWAITE, J.—1. The important question in this case is, that which involves the title by which the defendant held the land in controversy.

In Lightfoot v. Lewis' heirs, [1 Ala. Rep. 475,] we held, that when the proceedings to subject lands of a deceased person to sale, at the suit of his executor or administrator, are under the act of 1822, [Clay's Digest, 224, § 16 to 22,] it must appear, not

only that a final decree was made upon the coming in of the report of the commissioners appointed to conduct the sale, but also, that a conveyance in pursuance of the decree, was necessary to divest the heirs at law of the title. In this case it seems, that the administrator actually conveyed the land to a purchaser, but it does not appear that he was authorised to do so by any decree of the county court, and it seems to be conceded that the proceedings to subject the land, were had under the statute before referred to. It is certain, that the memorandum indorsed upon the papers in the county court, cannot be considered a final decree, as it is presented by the bill of exceptions, and consequently there was no error in the ruling of the court.

2. It is possible that the judge of the county court appointed the administrator as a sole commissioner to sell the land, and it may be, that in his report of the sale he sets out, that he has conveyed the land to the purchaser upon payment of the price, or upon taking his bonds for it, if such was the order; although such a course would have been erroneous under the act of 1822, we are not prepared to say that it would be so entirely void as to defeat the sale, if sustained by a final decree approving it. Whether the memorandum indorsed by the judge of the county court upon such a report, approving and ordering it to be filed among the papers of the estate, could be considered as a final decree, or afford sufficient evidence to enter one *nunc pro tunc*, are questions which need not now be discussed.

3. The call of the defendant upon the court, to instruct the jury that the plaintiffs could not recover unless it was proved that the brothers and sisters of Samuel Greenlee were begotten in lawful wedlock, was properly refused, because they might, notwithstanding, be his heirs at law. The common law required nothing more for legitimacy, than that the child should be *born* in wedlock, and our statute legitimates bastard children, when their parents afterwards intermarry, and the father recognizes them.— [Clay's-Digest, 165, § 3.] We do not presume, however, that any such objection was urged or existed in this case, but our remarks are necessary to show, that the charge ought to have been declined. The one actually given, placed the matter in its proper light before the jury, and seems entirely unexceptionable.

4. It is supposed by the defendant's counsel, that this action cannot be maintained, because all the heirs at law of Greenlee,

have not joined in the suit. It is said by Chitty, that tenants in common, must in general, sever in such actions, and in ejectment, that a joint demise would be improper; but in personal actions, as for a trespass or nuisance to their land, they may join, because, in these actions, although their estates are several, yet the damages survive to all, and it would be unreasonable, when the damages are thus entire, to bring several actions for a single trespass; a tenant in common may, however, sue separately, as in ejectment for his undivided share, or in trespass for the mesne profits. [1 Chitty's Plead. 56.]

From this it would seem, in an action of this nature, that the action can be either joint or several, but however this may be, it is certain, that if there are parties who ought to have joined, but who have not, the objection could only be taken by plea in abatement, and the defendant cannot in actions *ex delicto*, give evidence of the non-joinder to defeat the action. [1 Chitty's Plead. 56.]

5. The remaining exception to be considered is, that which questions the right to sue the defendant, inasmuch as his possession is only fiduciary, and for the benefit of others. This cannot avail him, because his possession is without title; and this action is necessarily brought against the tenant in possession, irrespective of ownership.

Our conclusion in the whole case is, that there is no error brought to our notice by the several assignments, and the judgment is, therefore, affirmed.