## STALLINGS v. WILLIAMS' Adm'r.

1. A declaration, at the suit of an administrator, upon a promissory note payable to his intestate, should allege that payment was not made either to the deceased in his life-time, or the plaintiff since his death ; and if it merely negatives a payment to the plaintiff, it is bad on *demurrer.*

2. The plea of *ne unques executor*, is a plea to the merits, within the meaning.of the act of 1824, which authorises a defendant, whose demurrer is overruled, to withdraw the same and plead to the merits of the action.

WRIT of error to the County Court of Sumter.

This was an action of assumpsit at, the suit of the defendants in error, against the plaintiff. The declaration commences in the usual form, and describes the plaintiffs as the administrator and administratrix of Thomas Williams, deceased; it then sets out a note dated on the 22d of January, 1836, by which the defendant promised to pay to Thomas Williams or bearer, the sum of sixteen hundred and one dollars and twenty-three cents, three years after date, with interest thereon. It concludes by averring that the defendant has not paid to the plaintiffs the money in the note expressed, to their damage, &c.

The defendant demurred to the declaration, and his demurrer being overruled, he obtained leave to plead over, and thereupon tendered a plea denying that the plaintiffs were administrator and administratrix of Thomas Williams, deceased, but the court rejected it, on the ground that it was not a plea to the merits of the action. Thereupon the defendant declined to plead further, and a judgment by default was rendered against him.

GREEN, for the plaintiff in error.
SMITH, for the defendants.

COLLIER, C. J.—It is insisted that the demurrer to the declaration should have been sustained, because the breach of the defendant's promise is not well assigned. Where an action is brought by an executor or administrator upon a contract with his testator or intestate, it is not enough to alledge that the defendant

did not pay to the plaintiff, but it should be stated that payment was not made, either to the deceased in his lifetime, or the plaintiff, since his death. [Chitty on Plead. 3 Am. ed. 328; 1 Saund. on Plead. & Ev. 134.] A breach otherwise assigned would be too narrow, and not in terms co-extensive with the contract.—The assignment in the present case, might perhaps be aided by verdict under the usual common law intendments, that the judge would have directed the jury to require, and the jury did require sufficient evidence; but upon demurrer, it is clearly fatal. [1 Saund. Rep. n. 1; Thomas v. Roosa, 7 Johns. Rep. 461; Lunn v. Payne, 6 Taunt. Rep. 140; Siclemore v. Thistleton, 6 M. & S. Rep. 9; Perreau v. Bevan, 5 B. & C. 284; Charnley v. Winstanley, 5 East's Rep. 270.]

2. The act of 1824 enacts, that where a demurrer is overruled, the court shall grant leave to the party demurring, to withdraw the same, and plead to the merits of the action, &c. [Clay's Dig. 344, § 119.] In the present case, the court upon overruling the defendants demurrer to the declaration, gave him leave to plead over, but rejected the plea of *ne unques executor*, on the ground that it was not a plea to the merits. The question to be now considered is, whether that plea is such as in the meaning of the statute, goes to the merits of the action.

The plea of *ne unques executor* is a plea in bar, because it does not propose to give to the plaintiff a better writ, but denies his right to sue at all in the representative character he has assumed. [1 Saund. Rep. 274, n. 3.] It impliedly admits the cause of action where it is pleaded alone, [2 Saund. on Plead. and Ev. 511;] and it is said that the defendant cannot avail himself of the matter of the plea under the general issue. [1 Chitty on Plead. 3, Am. ed. 485.] The plea certainly sets up a meritorious defence; while it admits the cause of action to be just, it denies that the plaintiff is entitled to maintain a suit upon it. It is incumbent upon the plaintiff, under a proper state of pleading, not only to sustain by proof the defendant's liability to some one, but he must show that he is the person legally entitled to recover. A failure of the evidence upon either point, would be alike fatal to the plaintiff, and equally affect the merits of the action.

An issuable plea, and a plea to the merits, are frequently used as equivalent expressions. By pleading issuably, it is said, is meant not only a general issue, but any other plea upon which

the plaintiff may take issue and go to trial upon the merits. [1 Burr. Rep. 605; 2 id. 782; 5 T. Rep 152.] A plea of tender and of the statute of limitations are issuable pleas. [1 H. Black. Rep. 369; 1 Burr. Rep. 59; 1 Bos. & Pul. Rep. 228; 3 T. Rep. 124.] But what we have already said may suffice to show that the plea which was rejected by the county court, went to the merits of the action, and was improperly ruled out. Upon both the grounds taken by the plaintiff in error, the judgment of that court is reversed, and the cause remanded.