WORTHINGTON, ADM'R. v. McROBERTS-& PORTER.

1. One who buys land, at a sale by order of the Orphans' Court, executes his notes for the purchase money, and is let into possession, cannot defend himself at law, when sued upon the notes, upon the ground that the title was not divested out of the heirs at law, and vested in him, by the decree of the Orphans' Court.

2. A plea of *ne unques administrator*, is a good plea in a suit commenced by an administrator, profert not being made of his letters of administration, and the note sued on, not being made to him as such.

Error to the Circuit Court of Benton.

THE action is brought by the plaintiff in error, on two promissory notes for $1,500, as administrator of Robert Porter. The declaration avers, that the notes sued on, were executed by the defendants, payable to the administrator of the estate of Robert Porter, deceased. That at the time of the execution of the notes, the plaintiff, and one Christopher C. Porter, were administrators of the estate of Robert Porter, and the promissory notes delivered to them by the makers. That afterwards, and before the commencement of this suit, Christopher C. Porter resigned the administration, of the estate, and that no one has been appointed in his stead, &c.

The defendants demurred to the declaration, and the Court overruled the demurrer. They then pleaded *non-assumpsit*, and "*ne unques administrator.*" To the last plea the plaintiff demurred, and the Court overruled the demurrer.

At the trial, as appears from a bill of exceptions, the plaintiff proved his appointment, the making and delivering of the notes, and the resignation of C. C. Porter.

The plaintiff proved that the notes were executed for the purchase money of land, of which plaintiff's intestate died seized, which land had been sold pursuant to an order of the Orphans' Court of Benton county, as part of the estate of plaintiff's intestate. That no bond for titles, or conveyance of the land, for the purchase of which the notes were given,

was made, by the commissioners appointed to sell the same, at the time of the sale, except the notes.

Plaintiff also introduced the proceedings of the Orphans' Court, for the sale of the land, including the petition, order of sale, the report of the commissioners appointed to sell the land, that they had made sale thereof, that they had sold the land to the defendants, and returned their notes, also the order of the Court, made upon the return, as follows: "The commissioners appointed to sell the real estate of Robert Porter, deceased, having submitted their report in writing, it is ordered, that the same be recorded. It is further ordered, that John Worthington, administrator of the estate of Robert Porter, deceased, entered into bond with security, in the sum of seven thousand dollars, before receiving said notes," &c. Also a further order, that he had given bond, and that the notes be delivered to him. He also proved that the purchaser, one of the defendants, went into possession of the land, and remained in possession two years.

This being all the testimony, the Court instructed the jury, that they must find for the defendant, to which the plaintiff excepted.

The assignments of error, bring to view the judgment of the Court, overruling the demurrer to the plea, and the matters set out in the bill of exceptions.

RICE, for the plaintiff in error, cited Rhode's adm'r. v. Storr, at the present term; also Lamkin v. Reese, and Perkins' exr's. v. Winter's adm'r., at the present term; also 5 Porter, 169; 4 S. & P. 178, and 6 Ala. Rep. 411.

W. B. MARTIN, contra.

ORMOND, J.—In Harbin v. Levi, 6 Ala. 399, it was held, that where a contract was made with an administrator as such, no profert of his letters was necessary in a suit upon the instrument, because the party had admitted his right to sue, by making the contract with him in that capacity. In this case, the contract was not made with the plaintiff as administrator, or rather, it does not appear on the face of the contract, that it was so made, it was therefore necessary for the plaintiff to aver the fact in his declaration, and make profert of his letters of administration, though the omission would be cured by a verdict.

[Copewood v. Taylor, 7 Porter, 33.] It follows, that the demurrer was correctly overruled to the plea of *ne unques administrator.*

The decisions of this Court, cited by the counsel for the plaintiff in error, are conclusive to show, that the Court erred in its charge to the jury upon the evidence. We understand the objection to the proceedings in the Orphans' Court to be, that there was no order made by the Court, directing the title of the land sold under its order, to be made to the purchasers. It is doubtless correct, that until such order is made, the title of the heirs is not divested, as was held in Lightfoot v. Lewis' heirs, 1 Ala. Rep. 475, and again, in Bonner v. Greenlee's heirs, 6 Ala. Rep. 411 : but that would be no defence to an action on the note. In Rhode's adm'r. v. Storr, at the present term, we held, that a recovery could be had upon a promissory note given for the purchase of land, although the land had not been conveyed, and there was no memorandum, or note in writing, by the vendor, of the terms of the contract. That case, is certainly as strong as the present. Here the land was sold by order of the Orphans' Court, the notes executed for the purchase money, the sale approved by the Court, and the purchaser let into possession.

We need not now inquire, what the remedy of the purchaser is to obtain the title, though in Bonner v. Greenlee, 6 Ala. Rep. 414, it is intimated, that in such a case as the present, a decree could he made by the Orphans' Court, *nunc pro tunc,* divesting the title of the heirs at law, and vesting it in the purchaser. In Reese v. Lamkin, at the present term, it was held, that a purchaser at a sale of land, made by order of the Orphans' Court, could not obtain relief against his notes for the purchase money, he having gone into, and retained the possession, unless the heirs were unable, or unwilling to make title.

Whatever may be the right of the purchaser to relief in Chancery, he cannot defend himself at law upon the ground, that he did not obtain title to the lands. Let the judgment be reversed, and the cause remanded.