## WALKER & STONE v. WYKOFF and FERGUSON.

1. A credit entered on a note, in the hand-writing of the payee, is not evidence, without further proof of payment, so as to relieve the note from the influence of the statute of limitations.

2. An account of the payees against the makers of the note, for the same amount as the credit on the note, and receipted by the makers, bearing the same date with the date of the credit, will not authorize the inference that they refer to the same transaction, without some proof connecting them with each other.

Writ of Error to the Clerk of the Circuit Court of Dallas. Before the Hon. N. Cook.

Assumpsit by the defendants in error, on a promissory note for $4,455 76. The defendants, among other pleas, pleaded the statute of limitations, to which the plaintiff replied, a subsequent promise within six years. To prove this promise, the plaintiff relied on a credit entered on the note by Ferguson, one of the payees, within six years from its date, of $1,910 52; and also produced an account of the defendants against Ferguson for the same amount as the credit, with a receipt of the defendants bearing the same date as the credit.

on the note, in the following words, "Received payment in full of the above and within account." The court, in substance charged the jury, that they were authorized to infer from this testimony, that the indorsement of the credit on the note, was made at the time it purports to have been made. To which the defendant excepted, and which is the matter assigned as error.

G. R. EVANS, for plaintiffs in error.

1. When a party relies upon an indorsed payment on a note, to stop the statute, such payment must be proved to have been made at the time it bears date. McGehee v. Greer, 7 Porter, 537.

2. It is allowable for a judge to charge the jury, that if they believe the testimony adduced, they should find a verdict for one of the parties, (designating which.) Such a charge does not assume the decision of facts. Paul v. Meek, 6 Ala. 753.

3. The coincidence of dates and amount between the entry indorsed on the note and the account in evidence, does not authorize the inference, that the indorsement was made at the time it purports, or that it was done by the direction or assent of the defendants. It is not in connection with the other proofs, even *prima facie* of these facts, and so the court should have instructed, or given the charges asked for. Rasco & Brantly v. Willis, 5 Ala. R. 41.

4. The evidence, unsupported by auxiliary proof, was irrelevant, and should have been excluded on defendant's motions. Rasco v. Willis, *supra*.

HUNTER, contra.

There is but one question. Did the court err in refusing to charge the jury, that the proof was insufficient to take the note out of the statute of limitations?

1. It is contended that the indorsement itself would be sufficient. 1 Greenl. 144, § 121; Smith v. Buttens, 1 M. & R. 341; Hunt v. Massey, 5 B. & A. 902; Baker v. Milburn, 2 Meeson & W. 853; Sinclair v. Baggaley, 4 Ib. 312; An-

71

derson v. Weston, 6 Bing. N. C. 296 ; Porter v. Blood, 5 Pick. R. 54 ; Coffin v. Buckham, 3 Fair. 471.

2. But even waiving that ground entirely, it is certain that the proof warranted the jury in inferring that payment of the account was received by having the credit indorsed on the note. The proof shows that Ferguson, against whom the account is, was the holder of the note sued on ; that the account was for matters furnished after the note was given ; that the note was for a much larger sum than the account ; that the indorsement is of the same date, and for the same amount as the account that no other indebtedness between the parties except the account and the note was shown—all these facts certainly warranted the conclusion, that payment of the account was received by having the indorsement of the credit made on the note at the time the account was receipted as paid. Davis v. Smith, 4 Greenl. R. 337.

.COLLIER, C. J.—The question sought to be raised by the objection to the evidence adduced by the plaintiffs, and the prayers for instruction to the jury is identical, and we shall so consider it. It is this, is the indorsement of a credit on a note written and subscribed with the hand of one of the payees, and bearing date before the statute of limitations had operated a bar, evidence that the payment was made at the time indicated so as to relieve the note from the influence of the statute ; or if it be not evidence *per se*, does it become sufficient when aided by an account in favor of the makers against one of several payees, for an amount equal to the credit indorsed, the payment of which is receipted by the makers on the day on which the indorsement is dated ?

In McGehee v. Greer, 7 Port. Rep. 537, it was held, that a party who relies on a credit indorsed on a note by himself must prove the date of the payment, to arrest the operation of the statute of limitations ; and " to permit the fact to be established by the credit entered on the note, would be manifestly allowing the party relying on it, to make evidence for himself." So in Whitney v. Bigelow, 4 Pick. Rep. 110, it was said that an indorsement of part payment on a promissory note, is not of itself, and as a matter of course admissible to take it out of the statute of limitations ; but to make it ev-

idence, it should be shown that it was made at a time when it was against the interest of the holder to make it.    Roseboom v. Billington, 17 Johns. R. 182.  See also Schermerhorn et al. v. Schermerhorn, 1 Wend. 119.    But an indorsement in the hand-writing of the maker is evidence against him, no matter when made.    Bolt v. Bullman, 1 Yeates' Rep. 584.

In Gibson v. Peebles, 2 McC. R. 418, it was decided, that receipts upon a note, if apparently fair, and not attended with circumstances calculated to excite suspicion that they were indorsed for the purpose of taking the case out of the statute of limitations, are *pima facie* evidence of the fact they indicate.  " If there be nothing," say the court, " to induce a belief that the receipt is not a fair one, the jury ought, and no doubt will, always presume that the payment was made. If there be any circumstances they can be urged by the defendant, and if the payment was not made, there will be always some circumstances to raise a presumption of fraud." There the note was for \$400, and the receipts were for \$350, and bore date within two years after the note was made, and the court lay stress upon the fact of the small balance demanded, and the usual mode of indorsing payments on such securities by the holders ; for it was conceded that a credit indorsed on an account would not be admissible evidence to interrupt the running of the statute.    We notice this case because, so far as our researches extend, it stands " solitary and alone," supported by reasoning peculiar to itself—at variance not only with many adjudications, but with some of the best settled rules of evidence.    The magnitude of the credit, and usage of creditors to indorse payments, it is clear cannot warrant the conclusion of the court.    *If it were possible* for a *general* and *uniform custom* to exist in such a case, it is quite enough to say, that there was no proof of its existence.

There is nothing in the record to show any connection between the account of the defendants against the plaintiff, Ferguson, and the note, so that although the receipt of the defendants at the foot of the account is of the same date with the indorsement, it cannot be inferred that the account was paid by deducting *pro tanto* from the amount of the note. If the receipt of the account had in any manner acknowledged

the credit on the note, the proof would have been sufficient, but we can make no such intendment in the absence of any predicate on which to rest it; the more especially as the account was against but one member of the firm to whom the note was payable.

It results from this view, that the judgment of the circuit court of Dallas must be reversed, and the cause remanded.