## SORRELL v. CRAIG, Adm'r.

1. A credit indorsed on a note by the plaintiff, which is beneficial to him, and prejudicial to the defendant, is not of itself admissible evidence for the former, and should be excluded from the jury.

2. A plea of *ne unques executor*, is a plea in bar, not in abatement, and puts the plaintiff on proof of his representative character, without being verified by affidavit.

3. Is it not too late, after a cause is before the jury, on issues joined, to re-

lieve the plaintiff from the proof of facts, which he has voluntarily assumed the burden of proving?—*quere.*

Error to the Circuit Court of Wilcox. Before the Hon. N. Cook.

THIS was an action of assumpsit, on several promissory notes, instituted against defendant, originally in the name of the executors of John Sorrell, and afterwards revived in the name of plaintiff in error, as administrator, &c. A number of pleas were filed by the defendant, upon which issue was taken, and among them the plea of *ne unques executor.* The suit was commenced in 1842, and the notes sued on, all matured 1839, '40, and '41. The defendant offered in evidence on the trial, and read, in opposition to the objection of plain- tiff in error, which the court overruled, the following indorse- ment on one of the notes: "July 15, 1841. Received of the within, two hundred and ninety-eight dollars. John Sor- rell," the hand-writing of John Sorrell being first proved, and in connection, the deposition of a witness, who testified, that in July, 1841, John Sorrell went to Texas, where, in a few months, he died, and that about the 15th July, 1841, just before he left for Texas, the witness was present at a settle- ment between him and plaintiff in error, at which time the latter paid the former some $700, and took up a note for that amount, which had been given for money loaned. The wit- ness did not see, at that time, either of the notes sued on. The settlement occupied about three hours, and during it, papers passed between the parties, but the notes sued on were not taken up, nor settled at that time, nor did plaintiff in error pretend that he had settled them.

There was no proof, that the plaintiff below, or his prede- cessors, were the legally constituted personal representatives of John Sorrell, deceased.

The defendant below requested the court to charge the jury, that the plaintiff could not recover in this action, unless the evidence showed, that the original plaintiffs were execu- tors, as described in the declaration, or that the present plain- tiff was administrator as alleged, which charge the court re- fused to give, but charged the jury, that the defendant could

only avail himself of the want of such proof, under a plea in abatement, and that having omitted so to plead, it was a waiver of any proof as to this point, and an admission of the plaintiff's representative character.

To the refusal to charge as asked, and to the charge given, the defendant excepted, and now assigns them as error.

G. R. EVANS, for plaintiff in error.

1. The indorsement on the note, in the hand-writing of plaintiff's alleged testator, was inadmissible as evidence to charge the defendant below. Walker and Stone v. Wyckoff and Ferguson, 14 Ala. 560.

2. The plea of *ne unques executor*, is a good plea in bar, and there being no *profert* of letters in the declaration, the plaintiff was bound to prove his representative character. The ruling of the court, that the objection can be taken only by plea in abatement, cannot be sustained. Stallings v. Williams, adm'r, 6 Ala. 509; Worthington, adm'r, v. Mc-Roberts and Porter, 7 Ala. 814.

COLLIER, C. J.—1. In Walker and Stone v. Wyckoff and Ferguson, 14 Ala. Rep. 560, it was decided, that a credit entered on a note, in the hand-writing of the payee, is not evidence, in the absence of further proof of payment, so as to relieve the note from the influence of the statute of limitations. This decision rests upon the principle, that the admission of the indorsement of the credit, would be to permit the payee to make evidence for himself. The same reason applies, where the receipt is beneficial to the party making it, and prejudicial to him against whom it is offered in evidence, though it may not arrest the operation of the statute of limitations. If such were its probable effect, in the present case, it should have been excluded from the jury, or if, from the circumstances under which it was offered, it was *prima facie* admissible, and its incompetency was afterwards developed, it should have been withdrawn, or the jury instructed to disregard it. We cannot very well determine, from the facts stated in the bill of exceptions, that probable injury has resulted to the defendant from the admission of the credit indorsed on one of the notes, but will not assume the reverse;

it is, indeed, unnecessary to consider the point further, than to declare the law, as we have already done, so as to prevent error upon a future trial, as the cause must be reversed, for the second error assigned.

2. The present action, was brought by the executors of John Sorrell, deceased, and after the pleadings were made up, James D. Craig, was substituted as the plaintiff, in their stead. Among other pleas, the defendant pleaded *ne unques executor*, on which issue was taken, and submitted to the jury. The circuit judge was mistaken, in supposing that the representative character of the plaintiff, could only be denied by plea in abatement; but if the law were otherwise, was it not too late, after the cause was before the jury, upon issues which the parties themselves had made up, to relieve the plaintiff from the proof of the facts, which he had voluntarily taken upon himself the burden of proving? We will not stop to answer this inquiry; for as the plea of *ne unques executor*, does not propose to give to the plaintiff a better writ, but denies his right to sue at all in the representative character he has assumed, it is regarded not only a plea in bar, but a meritorious defence. Stallings v. Williams's adm'r, 6 Ala. Rep. 509; Worthington, adm'r, v. McRoberts and Porter, 7 Ala. Rep. 814.

It results, from what we have said, that the judgment of the circuit court must be reversed, and the cause remanded.