*BOUQUETTE'S GUARDIAN vs. DONNET.*

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

A suit against an executor for property sold by him contrary to law, is not a suit against the estate, but against him in his own right, and, therefore, cannot be bought in the Court of Probates.

The defendant, testamentary executor of his deceased wife, having sold a slave which his testatrix had bequeathed to Rouquette, was sued by the plaintiffs (heirs of the legatee) to recover the proceeds of the sale. The defendant pleaded that the legatee, previous to her death, had released and abandoned to him, all right and title to the slave

Y

Eastern District.
*February* 1831

ROQUETTE'S
GUARDIAN
*vs.*
DONNET.

bequeathed to her by the testatrix.  The court  below gave judgment for the plaintiffs, and the defendant appealed.

*Morphy,* for appellant, made the following point.

1. The Court of Probates has no jurisdiction in an action for damages, against an executor, for any illegal act of his administration after his functions have expired.—*Martin's Rep. N. S. vol.* 3, *p.* 601, *C. C. art.* 1179.

*Dennis,* for appellee.

*Porter, J.,* delivered the opinion of the court.

The petition states, that by the last will and testament of one Cousin, deceased, a certain slave was bequeathed to the mother of the minors, whom the plaintiff, in this action represents.   That she is since dead, and that they are her representatives, with their brothers and sisters, and that the defendant, who was executor of said will, has sold the slave for the sum of fifteen hundred dollars.

It further alleges, that the defendant has refused to pay to the petitioner, the sum due to the minors, for whom he is guardian, and it prays for judgment against him for the sum of six hundred and four dollars, the minors' share in the legacy left to their mother, with interest since the day of sale, and costs.

The answer denies that the defendant is indebted to the plaintiff in manner and form as alleged; and it further avers, that the mother of the minors, for whose benefit this action is instituted, did in her life time, remit and release to the defendant, all right and title in and to the slave bequeathed to her by the testatrix.

The court below gave judgment for the petitioners, and the defendant appealed.

In this court an objection has been made to the jurisdiction of the Court of Probates.   It is contended the action should have been instituted before the tribunals of ordinary jurisdiction.

The plaintiffs insist, this is a demand for a specific legacy, or for the proceeds which represent it, and that the Court of Probates could take cognizance of the case.

*Eastern District,*
*February 1831.*

ROQUETTE'S
GUARDIAN
*vs.*
DONNET

The petition charges, "that Louis Donnet, (the defendent) appointed in the said last will and testament, testamentary executor of his deceased wife, was qualified as such, *but instead of executing faithfully* the said last will, he sold the said slave for fifteen hundred dollars."

It concludes by a prayer, "that the said Louis Donnet, testamentary executor as aforesaid, be cited to answer said petion, and condemned to pay the petitioners the sum of six hundred and four dollars, with interest and costs."

It appears to us, this is a demand against the executor, in his personal capacity, for the value of property sold by him contrary to law. In other words, for a tort or wrong done by him. The words *testamentary executor*, used in the petition, can only be understood as words of description, and if they were intended otherwise, they would not give the probate tribunal jurisdiction. The judgment prayed for could not be executed against the succession. The act of the executor has converted the property on which that court could act, into a personal demand against him for doing so. The estate cannot be responsible in interest and costs for the faults of the representative.

A suit against an executor for property sold by him contrary to law, is not a suit against the estate, but against him in his own right, and therefore cannot be brought in the Court of Probates.

We think the Probate Court had no jurisdiction of the case, and that the petition must be dismissed, with costs in both courts.