HURST *vs.* HYDE, EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The Court of Probates has no jurisdiction in an action against an executor for damages occasioned by an act of the defendant not legally done, in relation to the administration of the succession.

Persons interested in an estate, are in equity bound to refund to the vendee the price really received for property sold erroneously, as belonging to the estate, but they are not responsible for consequential damages or loss.

The plaintiff in this case avers that he purchased of J. H. P. Hyde, testamentary executor of William W. McDonough, at New-Orleans, a raft of ash timber, containing one hundred and ninety-nine cords of firewood, sold as belonging to the estate of McDonough, for which raft he paid Hyde the stipulated price; that Mr. McDonough died, leaving a will which has been proved, by which the said Hyde is appointed testamentary executor. That Hyde has received letters testamentary; that subsequently to the purchase aforesaid, one William Zobriska sued the plaintiff for the said raft or its value, alleging himself to be the proprietor of the same. That the plaintiff cited in warranty the said testamentary executor to defend the title to said raft, who did accordingly appear and plead to the demand of Zobriska upon the issue thus joined. Judgment was rendered by the District Court for the first district in favor of Zobriska, according to the prayer of his petition, with costs, against the plaintiff in this suit; by means whereof the plaintiff had been deprived of the possession and property of said raft, so purchased from Hyde. That the plaintiff is a dealer in firewood, and that the said raft, cut and corded, was justly worth to him, after deducting the expense of cutting and cording the same, the sum of six hundred ninety-three

dollars and forty-four cents, which sum, the estate of McDonough is bound to pay him; and being so liable, the said testamentary executor refuses to pay, though amicably demanded. That the said estate is bound to repay him the further sum of two hundred dollars, being the costs in the suit of *Zobriska* vs. *Hurst*, above referred to.

The defendant denied that the estate of McDonough is indebted to the plaintiff in the sum claimed, or any other sum. He says that the raft alluded to did not belong to the deceased, of which fact plaintiff was aware at the time of his purchase; this respondent having sold the raft in the petition mentioned, in good faith, believing the same to belong to the said deceased; but the plaintiff at the time he purchased said raft, knew the fact of its belonging to another person, and purposely concealed it.

*Zobriska* testified, that he was the proprietor of a raft of timber, sold by Mr. Hyde to the plaintiff. It produced two hundred and twenty-eight cords of wood, damaged and all, and contained one hundred and thirty-three tier or trees. Ash wood, at the time he sold that in question, was worth from four dollars and twenty-five to four dollars and fiifty cents per cord, wholesale. One dollar and twelve cents per cord is the price generally paid for cutting and splitting ash wood. The raft is the same that he sued Mr. Hurst for in the District Court, and recovered; as far as deponent is concerned, Mr. Hurst has satisfied the judgment rendered against him.

*Charbonnet*, deputy sheriff of the parish of Jefferson, testified that he seized a raft of timber in obedience to an order from the District Court aforesaid, in the suit of *Zobriska* vs. *Hurst*; that at the time deponent seized the raft in question, a conversation took place between Mr. Hurst and Mr. Zobriska, in which the latter stated that the raft belonged to him. Mr. Hurst replied that he had no doubt but that it did, but that he, Mr. Hurst, had purchased the raft from the estate of McDonough, and the receipt for the same.

The judge *a quo* considered: 1. That the plaintiff has sus-

tained his claim by the evidence of this case, and that introduced on the trial of the case of *Zobriska* vs. *the plaintiff*, in the District Court; that this claim for the raft sold to him by the defendant, and which, after having paid for it, he was obliged to surrender, is properly stated in the bill annexed to his petition, to wit: at six hundred twenty-three dollars and forty-four cents. 2. That the costs proved to have been paid by the plaintiff, in consequence of the suit of Zobriska against him, amount to one hundred eighty-three dollars and sixteen cents, which he is also entitled to claim from the present defendant, making together a sum of eight hundred and six dollars.

Judgment was rendered accordingly for the sum of eight hundred six dollars and sixty cents.

The defendant appealed.

- MATHEWS, J., delivered the opinion of the court.

In this case the plaintiff claims damages from the estate of the deceased in consequence of the loss of a raft of ash logs, which was sold to him by Hyde, in the capacity of curator, and which was afterwards recovered from the purchaser at the suit of one Zobriska, as having the best right to the property. The judgment rendered against the defendant in the court below, is for the sum of eight hundred six dollars and sixty cents. From this he appealed.

This is, in truth, a judgment against the estate of the testator, or the Court of Probates is wholly without jurisdiction; and if a plea to the jurisdiction of that court had been made, it ought to have been sustained, considering the suit as one for damages occasioned by an act of the defendant not legally done in relation to the administration of *McDonough's succession.*

> The Court of Probates has no jurisdiction in an action against an executor for damages occasioned by an act of the defendant not legally done in relation to the administration of the succession.

The persons interested in that estate, are in equity bound to refund to the plaintiff the price really received for the property which appears to have been erroneously sold as belonging to it, but are not responsible for consequential damages or loss. The defendant ought, perhaps, to have

> The persons interested in an estate, are in equity bound to refund to the vendee the

price really received for property sold erroneously as belonging to the estate, but they are not responsible for consequential damages or loss.

pleaded to the jurisdiction of the Court of Probates, although it would certainly have been an act of extreme honesty, as such a plea is only supportable on the ground of his personal liability.

As the case now stands before this court, we are unable to discover any way in which justice may be done between the parties, except by reversing the judgment of the Court of Probates, giving judgment against the defendant in his capacity of curator, to be paid out of the estate of the deceased, to the amount of the price actually received for the wood in question, and leaving to the plaintiff the right to pursue Hyde in his individual capacity, in any court of ordinary and competent jurisdiction, for the recovery of such damages as are only consequential on the unadvised act of the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided, reversed and annulled. And it is further ordered, adjudged and decreed, that the plaintiff and appellee do recover from the defendant and appellant the sum of three hundred and eighty-two dollars, to be paid by him as executor out of McDonough's succession, with costs in the court below, and those of the appeal to be borne by the appellee; reserving to him his right to pursue the defendant in his individual capacity to recover damages, such as may have been sustained by the conduct of said defendant.

*Buchanan*, for plaintiff and appellee.

*Carleton* and *Lockett, contra.*