Mr. Justice DANIEL
 

 delivered the opinion of the court.
 

 Althougn the decree of the Circuit Court is accompanied by no opinion or argument setting out
 
 in extenso
 
 the grounds .on which the bill of the appellants (the plaintiffs below) was dismissed, yet the foundation of this decree is plainly disclosed by reference to the plea of the defendant below, referred to and sustained by the Circuit Court in its fullest extent. This plea assumes the position that the matters drawn into controversy by the bill had been previously litigated between these parties, and by a court of competent jurisdiction adjudged and settled against the complainants. The insertion of this plea here' is deemed proper, as the character of the proceedings which enter into its averments, and constitute the bar set up thereby, will furnish the readiest key to the exceptions urged against the decree of the Circuit Court. The plea is in the following words: —
 

 “
 
 In the Circuit Court of the United States for the Fifth Circuit and Eastern District of Louisiana.
 

 “
 
 E. P. Fourniquet and Wife
 
 v.
 
 John Perkins.
 

 “
 
 The plea and answer of the defendant, John Perkins, to the bill of complaint and discovery of the said complainants.
 

 “ This respondent, saving and reserving all benefit, &c., Ac., shows, that, on or about the 15th day of December, 1838, the said' complainants did institute a suit in the Court of Probates in and for the parish of Concordia, in the State of Louisiana, against this respondent, for the same cause of action as is set forth in the said complainants’ bill. That the said suit was duly and regularly transferred for trial and judgment upon all matters in issue therein to the District Court of the ninth judicial district of the State
 
 of
 
 Louisiana, held in and for the said parish of' Concordia, when and where such proceedings and pleadings were had, and such issue joined, as embraced the whole matters set forth and complained of in and by the said complainants’ bill in this behalf filed and exhibited; and that in the further due and lawful proceedings in said suit, and upon final hearing thereof, judgment was rendered in favor of this defendant, upon all the matters in issue therein; all which will appear by a transcript of the record of the proceedings
 
 *168
 
 in the said suit, duly authenticated, which is hereto annexed and. exhibited, and made part hereof,- which said judgment is-final and conclusive between the said parties, as to all the matters of the said complainants’ bill; and this respondent pleads and sets up the same as a full and complete bar to> the said bill, and prays that he may have the benefit thereof as such.”
 

 If this plea be correct in form and true in substance, there can be no doubt-that, the subject now in controversy-having become
 
 res adjudicata,
 
 the decision of the Circuit Court dismissing the bill of the complainants is vindicated from just exception. But exception is urged to that decisipn upon alleged legal grounds; said to be disclosed on the face of the plea and of the record adduced in its support, and that these being inadequate to sustain the decision, the latter cannot be supported. This is the material point in this cause, requiring, therefore, particular examination.
 

 It is insisted for the appellants, that the proceedings instituted by them in the Probate Court of Concordia against Perkins, for an account of his administration of the successions of Benjamin Bynum and of Mrs. Perkins (formerly Bynum), and for an account of his guardianship of the wife of Fourniquet, as well as to render him liable,for lands, slaves, crops, and moneys belonging to those successions and to the children of Bynum, were the proper proceedings for attaining the object sought thereby, and that no other tribunal in the State of Louisiana than the Probate Court could legally take cognizance of those proceedings; and that the transfer, therefore, of the case in question from the Probáte Court to the District Court of the State, though by the consent expressly given of all the parties, could not confer jurisdiction on the latter, whose decision, consequently, would be void, and could not be pleaded in bar of this suit. Again it is said, that, conceding the power of the District Court to take cognizance of a case like the present, still the proceedings before this latter court and its decision did not embrace the rights and interests of the -parties as set forth in the petition to the Probate Court, but were limited to the single question of the validity of the release-executed.by the complainants to the defendant on the 27th of May, 1834. With regard to this second ground of exception, it may be -remarked, that there».is some want of precision in the record of the District Court, as to the subjects embraced within the issue which seems to have been submitted to the jury by the court; but there is no more reason for supposing that issue to have been limited to the mere fact of the validity of the release mentioned, than there is for extending it to the whole matter in controversy. The petition brought up before
 
 *169
 
 the court was the same presented to the Court of Probate, — covered the whole gravamen of the complainants’ case, All their alleged rights and wrongs were embraced within its statements and prayers. This is not understood to have been a suit in equity, nor to have been one not cognizable by a jury. The fair presumption is, that the jury had the entire case before them. No exception to' their cognizance of the whole case seems to have been interposed or. thought,of, and they rendered a general verdict for the defendant, to which verdict no exception was taken. On other grounds it' seems inadmissible to suppose that the case submitted to the jury was limited to some specific fact or inquiry, or that the judgment of the court was necessarily founded upon any such fact .alone. By the consent order transferring the cause from the Probate to the District Court, we find .a very comprehensive arrangement as to the procurement and the forms of the testimony to be used; and in the entry of the judgment upon the record of the District Court we find the language, — “ By reason of the law and the evidence, and the verdict being in favor of the defendant, it is therefore ordered, adjudged, and decreed, that judgment be rendered in favor of thé defendant.” Thus it appears that the mind of the court was directed to the entire case before it, and not merely to an isolated question ; that its judgment has embraced the whole cause as presented upon thé petition, the exceptions, and the answer of the defendant, and although the proceedings which- led to the 'decision may seem to be irregular and anomalous, that decision must stand as a judgment, binding between the parties thereto, unless shown to be void for want of jurisdiction in the tribunal which pronounced it, or that it has been reversed and annulled by some competent supervisory authority. This brings us back,to the inquiry into the competency of the District Court of the State to take cognizance of the subject on which its decision was made.
 

 By Art. 126 of the Code of Practice it is declared that the-jurisdietion of the District Courts extends over all civil causes where the amount in dispute exceeds fifty dollars. The natural import of this provision is to render the District Courts of Louisiana courts of general jurisdiction in all civil causes not embraced within the above .exception. But their powers havé not been left to be now deduced for the first time from the language of the article above cited. They appear to have been defined and established by the supreme judicial authority of the State, and plainly distinguished from the functions of the Probate Courts with reference to subjects'like those involved in the present case. The jurisdiction of the Courts of Probate appears to be confined to cases which seek a settlement
 
 *170
 
 and an accounting for effects presumed to be in the possession bf the'representative of a succession, holding those effects in his representative character. Where the pin-pose is to charge the fexecutor or curator personally for fraud, maleadministration, waste, or embezzlement of the succession,, the Court of Probate has not jurisdiction, but in such cases jurisdiction is vested in District Courts. The law appears to have been so ruled in many cases by the Supreme Court of Louisiana. A few of these will be adverted to. Thus, in the case of McDonough
 
 v.
 
 'Spraggins, 1 La. Rep. 63, on an appeal from the Court of Probates, the point is thus succinctly stated by Mathews, Justice, in delivering the opinion of the court: — “ This suit was commenced against the defendant in his capacity of curator, to obtain a judgment rendering the succession which he represents liable to pay and satisfy the plaintiffs’ demand, and also to obtain á decree against him personally, on the event of the property being insufficient to pay all just claims , against it, as having illegally administered the succession of the intestate.” ' The Court of Probates decided against the application, and the Supreme Court,, in passing upon that decision, lay down the law in these words: — “As an administrator
 
 de son tort,
 
 or as an ■intermeddler, he may. be answerable to creditors for waste; ■but those pursuits against him must take place in a court of ordinary jurisdiction.” The next case on this point is that of Bouquette’s Guardian
 
 v.
 
 Donnet, 2 La. Rep. 193. There Porter, Justice, pronouncing the decision, says, — “ It appears to us this is a demand against the executor in his personal capacity for the value of the property sold by him contrary to law. In other words, for a tort done by him. We think the Probate Court had no jurisdiction of the case, and that the petition must be dismissed, with costs in both courts.” In 6 La. Rep. 449 is thé case of Hurst
 
 v.
 
 Hyde, Executor, in which it is ruled, that “the Court of Probates has no jurisdiction in an action for damages occasioned by an act of the executor not legally done in relation to the administration of the succession.” The last authority which will be cited to this point is one of later date. It is the decision of the Supreme Court of Louisiana in the case of Hemken
 
 v.
 
 Ludwig, Curatrix, a decision made in 1845, and reported in 12 Robinson’s Reports, 188, upon an appeal from the Court of Probates of Ouachita. This was a petition brought to subject the curatrix for what, in the legal language of Louisiana, is called a maleadministration of the succession, corresponding with the term
 
 waste
 
 at the common law. At page 19.1 of the volume, Judge Simon, in- delivering the opinion'of the cohrt, thus states the law : — It is clear, the Court of Probates was without jurisdiction to decide "on the
 
 *171
 
 matters set out in the plaintiffs petition in relation to the defendant’s personal liability. It is ¡true she is‘sued as curatrix, hut one of the principal grounds alleged against her from, which she is said ■ to have incurred personal responsibility is, that she has concealed property belonging to the estate and has converted it to her own use, whereby she has lost the benefit of her renunciation, and has become liable, personally,
 
 to
 
 pay the debts-of her husband. The main object of the suit is to obtain-judgment against her individually, and such was virtually the judgment appealed from. It is not pretended that the property which she failed to include in the inventory is in her possession as curatrix ; but that she claims the same as her own, and refuses to give it up. It is well settled that courts of probate have no jurisdiction óf a claim against an administrator personally for maleadministration.”
 

 That the petition of Fourniquet and wife presented to the Probate Court, and subsequently transferred to the District Court, contained charges of maleadministration cannot be denied. Indeed, with respect to the successions of Mary Bynum, the mother, and Benjamin Bynum, the father, of the petitioner, Harriet, and with respect to the release charged to have been fraudulently abstracted from both the petitioners, it alleged, not merely acts of maleadministration,. but instances of dishoriesty . and spoliation extraordinary in character and extent, and claimed of the defendant, in .consequence thereof, a heavy personal liability for lands, slaves, and money, unjustly, appropriated to . h own purposes. From Art. 126 of the Code of Practice, we have seen that the jurisdiction of the District Courts of Louisiana extends over all civil cases where the amount in dispute is over fifty dollars; in other words, that these courts are courts of general civil jurisdiction. By the authorities cited from the Supreme Court of Louisiana, it is equally apparent. that the Probate Courts are not courts of general, but of special limited jurisdiction; and that from their cognizance are excluded cases of fraud, torts, waste, or maleadministration generally, committed by executors and administrators; and that these cases belong peculiarly to the cognizance of the District Courts. Such being the conclusions warranted by a review of the law, and the facts of this case being , of a character to fall directly and regularly within its operation, it may well be asked what just exception can be taken to the jurisdiction of the District Court in this case ? It was not a jurisdiction depending at all upon
 
 consent,
 
 which, it is said, cannot invest a court with power not belonging to it by its constitution. It was a transfer of a litigation, by consent, from a tribunal confessedly without authority to decide it, to a tribunal in every respect competent to
 
 *172
 
 take cognizance of the subject-matter, — whose peculiar province ■ and duty it was to take cognizance of it. The exception, at the utmost, resolves itself into matter of form, which the parties were competent to waive, and which they did
 
 waive;
 
 for it is expressly stated upon the .record, that the removal of the cause from the Court of Probate into the District Court was .by the consent of all concerned. It cannot be pretended that the forms of pleading may not be dispensed with by suitors; as it is certain that the benefit of matters both of substance and form may be lost by mere neglect or omission, where no intention of the renunciation of either is apparent or ever existed. We must conclude that the District Court had "rightfully jurisdiction of the cause removed into it from the Probate Court ,* that its judgment is and must be binding upon the parties to it, until it shall be annulled or reversed by a competent authority. The parties to that judgment, the subject-matter thereof, and embraced within the proceedings .on which it was founded, being identical with those comprised in the bill in the Circuit Court of the United States for the Ninth Circuit, now under review, the judgment was well pleaded in bar of the claims set up by the bill, and the decree of the Circuit Court sustaining this plea we hold to be correct, and the same is therefore hereby affirmed.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court .of the United States for the District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and decreed by this court, that the decree of the said Circuit Court in this cause be and the same is hereby affirmed, with costs.