## Martha B. Vickery v. Clara Beir et al.

*Foreign Administrator: Effect of plea of general issue when suit is revived by Administrator: Burden of proof.* After a plea of the general issue the plaintiff's death was suggested of record and the cause revived in the name of an administratrix.

The defendant was permitted to show, under objection, that the administration was granted in another state.

*Held,* that the force of a grant of administration is confined to the jurisdiction granting it; hence that a person appointed administrator in another state can not, as such administrator, bring suit in this state.

*Held also,* that, although a plea of the general issue in a suit by an administrator is an admission of the plaintiff's right to sue, the same rule does not apply where the cause is revived in the name of an administrator after the plea has been filed. In such a case the representative character of the plaintiff is in issue in the trial, and the defendant may disprove it.

*Held further,* that proof of the party's death and of the appointment of an administrator should be presented to the court and placed on file in all cases where a suit is revived by administrator. The proceeding to substitute the administrator is entirely a matter of statutory regulation, and its effect upon the rights of parties can not properly be extended beyond what the statute has provided on any mere fanciful analogies to the common law practice.

*Heard July 10th. Decided July 11th.*

Case made after judgment, from Livingston Circuit.

This was an action of assumpsit commenced by one John Vickery, to recover the amount due upon certain promissory notes.

The defendants pleaded the general issue.

After issue joined, Vickery died. His death was suggested on the record, and the cause was revived in the name of the plaintiff as his administratrix.

VICKERY *v.* BEIR.

The defense was that the plaintiff, being a foreign administratrix, could not maintain the action.

*G. V. N. Lothrop* and *M. B. Wilcox,* for plaintiff.

1. This action being upon a promise to the plaintiff's intestate, her title is not in issue. If the defendant would controvert her title, he should put it in issue by special plea. —1 *Chitty on Plead.* 488 — 9; 1 *Saund. Plead. and Ev.* 1125, 1126; 5 *B. and C.* 491; 2 *Greenl. Ev.* § 338.

And unless so put in issue, it will be deemed to have been admitted. The general issue is a conclusive admission of her title to the character in which she sues.—11 *Mass.* 313 — 16; 2 *Dall.* 100; 3 *Day,* 303; 2 *Ld. Raym.* 824; 1 *Salk.* 37 — 38; 5 *B. and C.* 491; 1 *Baily,* 546; 2 *A. K. Marsh.* 355; 4 *Porter,* 441; 2 *Brevard,* 59; 1 *Scam.* 64; 2 *Id.* 63; 31 *Me.* 46.

2. The rule is the same whether the administrator be foreign or domestic, or comes in under the statute.—7 *Port.* 35; 2 *Ala.* 150; 4 *Blackf.* 427; 13 *Ill.* 358; 23 *Ala.* 821.

*O. Hawkins,* for defendant Holdridge.

Neither executors nor administrators can maintain or prosecute a suit in their official capacity in any other state or county except that from which they derive authority.— 1 *Barb.* 231; 6 *Hill,* 554; 1 *N. H.* 193; 4 *McLean,* 577; *Story on Conflict of Laws,* § 515 *and cases cited*; 7 *Cow.* 64; 5 *Mass.* 67; 28 *Vt.* 667; 9 *Eng. Law and Eq.* 216.

If such an executor or administrator desires to prosecute a suit, they must obtain new letters of administration, give new securities in the place or county where the action is brought, as auxilliary to letters of administration granted elsewhere.— *Story on Conflict of laws,* 841, § 513, *and cases cited;* 3 *Barb. Ch.* 71.

An executor or administrator appointed under the laws of one state or country can not convey any interest, right

or chose in action belonging to the estate of the decedent, so as to authorize another person to maintain an action on the same in another state or country, and this objection may be taken advantage of under the general issue.—5 *Me.* 223; 3 *Cranch*, 319; 2 *N. H.* 291; 11 *Mass.* 255, 262.

So the party may move to non-suit the plaintiff on that ground.—4 *McLean*, 577.

The reasons are obvious why this should not be permitted, and,

*First.* A suit brought and a recovery had, would be no bar to suit on the same demand by the real administrator; and,

*Second.* It would remove the assets beyond the reach of the creditors of the decedent living where the suit was brought; and which assets would be liable to the payment of his debts.—2 *Met.* 114.

The statutes are the same as the law of 1846, under which the decision of Wood, administrator, vs. Gould, was had.

In actions that do survive the decease of either of the parties, and whose executors or administrators can be substituted, applies only to such as are appointed within the state where the action is pending, or brought; otherwise they can not be recognized as the legal representative of the party.—22 *Ala.* 474; 10 *Cush.* 172.

COOLEY J.

It appears from the record in this case that the action was commenced by John Vickery as plaintiff, and that after plea of the general issue by the defendant, Holdridge, the plaintiff's death was suggested of record, and the cause revived in the name of Martha B. Vickery as his administratrix. The cause afterwards went to trial, and the defendant, Holdridge, offering evidence to show that the plaintiff's appointment as administratrix was made in another state,

the plaintiff admitted the fact, but denied its competency as evidence; and thereupon the Court decided that the action could not be maintained, and rendered judgment against the plaintiff for costs.

It is conceded by the plaintiff that the force of a grant of administration is confined to the jurisdiction granting it; but it is claimed that when one sues as administrator, the defendant admits the representative character if he fails to put it in issue by his plea. As a general rule this is correct; and it is only necessary to see whether it is applicable to the present case.

When the suit is brought in the first instance by an administrator, the practice requires him to make profert of his letters by his declaration.—*Bac. Abr. Executor, C;* 1 *Chit. Pl.* 420; 2 *Greenl. Ev.* § 338. The defendant is thereby notified not only of the character the plaintiff asserts, but of the source of his authority. He is thus enabled to plead intelligibly if he deems the claim unfounded; and he may demand *oyer* for the purpose. The plea *ne unques executor,* though sometimes pleaded in abatement, is properly a plea in bar, since it goes to the plaintiff's title, and can not give him a better writ. The reason for holding the defendant precluded from disputing the plaintiff's right to sue when he has pleaded to the merits is, that the plea is interposed after the profert of the letters has enabled him to judge of their sufficiency.—1 *Chit. Pl.* 489; 2 *Stark. Ev.* 315; *McKinley v. Braden,* 1 *Scam.* 67; *Copewood v. Taylor's Admr.* 7 *Port.* 33. If it appeared by the profert or on *oyer* that the plaintiff was a foreign administrator, the defendant might demur; and even if he failed to take the objection in any form by his pleading, it would still be open on motion in arrest of judgment, or on error, if the record disclosed the defect.

Where, however, the action was originally brought by a party suing in his own right, and his death is suggested of record, different considerations prevail. The proceeding

to substitute the administrator is entirely a matter of statutory regulation, and its effect upon the rights of parties can not properly be extended beyond what the statute has provided, on any mere fanciful analogies to the common law practice. Except upon the idea that a plea to the merits is an admission of the character in which the plaintiff sues, he would be bound to prove his letters, since his title depends upon them; but it is difficult to perceive how there can be such an admission by a plea interposed before the representative character exists. The proceeding on suggesting the death of a plaintiff is entirely *ex parte*, and there is no provision of statute by which notice of it is to be given to the defendant. If he happen to be present, he has no right to intervene, and if he be not present, the first intimation he receives of it may be when he is served with notice of trial. He then learns by the entitling of the notice that a change in the parties has taken place. But he is not apprised when or where the plaintiff was appointed administrator; and if he resorts to the files for information, he may or may not obtain it there. There should be proof presented to the Court in all cases when the death is suggested; but the practice is lax in this respect, and we can not presume that it will always be furnished and filed. We are not apprised by the record that it was furnished in this case. It is not always easy for the defendant to obtain, under such circumstances, the information which would be furnished him by profert and on *oyer*, since there is no way in which he can legally demand it; and where the original plaintiff was a non-resident, he can not always know that the claim of administration is well founded. The plaintiff, nevertheless, insists that the representative character is admitted, unless the defendant pleads *puis darrein continuance*, and puts it specially in issue, but we do not perceive that the reason which makes plea after profert an admission can have any application here. If the suggestion which has been entered of record could be treated as an amendment

of the declaration, it would not supply the want of profert, nor enable the defendant to demand *oyer*. The defendant, therefore, can not be held to admit the letters of administration, since they are not supposed to have been shown to him, and the record supplies no information concerning them. The most that can be done in any case is to hold the defendant to admit such facts as are pleaded by the plaintiff and not denied. In those states where the practice dispenses with profert—as in Massachusetts—there is probably some other mode by which *oyer* can be had if the defendant doubts the plaintiff's title; but their practice is a departure from that of the common law.—*Langdon v. Potter*, 11 *Mass*. 313. We have adhered to the common law practice in this state, and, as we think, for very good reasons.

We do not find any case which has held the defendant precluded from disputing the representative character in a case like the present. In *Copewood v. Taylor's Adm'r.* 7 *Port*. 33, the nature of the issue does not appear, and that fact was remarked upon by the Court. No other case to which our attention has been called is in point. We are of opinion that in such a case the representative character of the plaintiff is in issue, and that the defendant has a right to dispute it. No other rule can fully protect him, and the plaintiff cannot possibly be wronged by it, since, if he holds a valid grant of administration, no evidence that can be offered can disprove it or take the plaintiff by surprise. This case does not require of us the expression of opinion as to the burden of proof in such cases; but we are entirely satisfied that when the defendant has not had profert so that he can see whether the letters are such as will protect him, he is not precluded from disputing their validity under the general issue. That would be an anomaly in the law which should make the defendant's plea an admission of facts subsequently occurring, so as to preclude him from denying the plaintiff's right to recover, when confessedly she has no title whatever, and the judgment in

her favor could not protect him against another recovery for the same cause of action by an administrator appointed in this state.

We think the judgment correct, and it must be affirmed.

CHRISTIANCY and CAMPBELL, JJ. concurred.

MARTIN, CH. J. did not sit.