[Cited, *Robards v. Robards,* 27 Ky. L. 494, 85 S. W. 718.]

---

NELSON NEAL ET AL. *v.* CITY OF LOUISVILLE.
VIRGIL GARRISON ET AL. *v.* SAME.

[Abstract Kentucky Law Reporter, Vol. 3—614.]

**Res Adjudicata.**

The city of Louisville brought an action to enforce its lien for taxes on real estate, procured a judgment, under which the real estate was sold to satisfy the same, and purchased the property at such sale, and the sale was confirmed and the city put into possession. Afterwards, in a suit against the former owners, it had their judgment corrected so as to describe correctly the real estate sold in the former action, and had a judgment quieting its title and its right to possession, which it had held since procuring its first judgment; and no appeal was taken from either of such judgments.

The former owners can not maintain an action to recover such real estate, as the former judgments unappealed from constitute a final adjudication as between such parties and those holding under or through them. The plea of res adjudicata made by the defendant, the city of Louisville, is good.

## APPEAL FROM JEFFERSON CIRCUIT COURT.

### February 4, 1882.

OPINION BY JUDGE LEWIS:

As the same questions are involved in these two causes, and though they do not affect the same property, relate to parts of the same, they will be heard and considered together.

On the 5th of May, 1878, the city of Louisville, appellee in these two cases, filed a petition in equity in the Louisville Chancery Court against Nelson Neal, Mary Neal, Charity Garrison, Virgil Garrison, Grey Garrison, Lucy Garrison, Jane Garrison and William Garrison, Nelson Neal and Mary Neal being the same persons who are appellants in one of these cases, and Virgil Garrison, the same person as the appellant in the other. In that petition it was alleged that the defendants thereto were the owners of a certain lot of land in the city of Louisville, beginning on the eastern side of Second street at a point 160 feet south of the southeast corner of Main and Second streets, thence south 50 feet and extending back the same width in lines parallel with Main street, 105 feet; that the lot was regularly assessed for city taxation; that for several years the taxes due thereon remained unpaid, and that a lien on said lot for the payment of the taxes existed in favor of the plaintiff, the city of Louisville. In pursuance of the prayer for relief, the defendants being regularly summoned to answer the petition, the chancery court, on the 27th of September, 1878, rendered judgment in that action enforcing the alleged lien and directing the property to be sold to pay the amount of taxes alleged to be due and unpaid. In pursuance of that judgment it was subsequently sold and by order of court the sale was confirmed, a deed made to the purchaser, the city of Louisville, and on the 15th of October, 1879, a writ of possession was directed by the court to be issued, which was done, and the purchaser in pursuance thereof put in possession, November 1, 1879.

On the 14th day of September, 1880, appellee, the city of Louisville, filed a petition in the Louisville Chancery Court against the same parties defendants, in which it was alleged that the deed directed by the court in the action before referred to, to be made and which was made to it as purchaser by mistake, locates the point of beginning of the lot as 102 feet from the southeast corner of Main and Second streets, instead of 160 feet therefrom. In that petition it is alleged that the defendants thereto set up claim to the lot, and judgment was asked quieting the title and possession of the plaintiff.

To that petition, appellants, Nelson Neal and wife, Mary Neal, and appellant, Virgil Garrison, filed their separate answers, Neal and wife alleging that they were the owners and entitled to the immediate possession of twenty-five feet on the south side of said lot, the same having been devised to said Mary Neal by her father, Matthew Garrison, deceased, and Virgil Garrison alleging that he was the owner and entitled to the immediate possession of twenty-five feet on the northern side thereof, the same having been purchased by him at a sale made under a judgment of said court in the action of Garrison v. Knight. They in their respective answers each alleged that said lot was illegally taken possession of by appellee, that the whole proceedings by virtue of which it obtained possession were void.

They denied that they were the owners, or part owners, of the entire lot at the time the judgment was rendered for the sale of it, but alleged that they were respectively the sole owners of twenty-five feet of the lot. They each prayed in their answers that the proceedings in the action No. 32,857, in which judgment for the sale of the lot was rendered, be revived and reheard, and judgment rendered declaring the proceedings therein void, and for a restoration to each of them to the possession of their respective parts of the lot.

On the 27th of September, 1880, appellants, Virgil Garrison and Neal and wife, each commenced actions against appellee in the Louisville Chancery Court for the recovery of the possession of their respective parts of said lot claimed by them, alleging in their petitions that appellee was wrongfully in possession, that they were the rightful owners thereof, praying that they be restored to the possession.

On the 25th of November, 1880, the three actions were heard and tried together and judgment rendered, to-wit: No. 35,364, *City of Louisville v. Charity Garrison et al.;* No. 35,422, *Nelson Neal et al. v. City of Louisville,* and No. 35,423, *Virgil Garrison v. City of Louisville.* Upon the trial the court decided that the judgment rendered in the action No. 32,857, for the sale of the lot, followed by the orders of court in that case confirming the sale and directing a writ of possession to issue, was a bar to the recovery by appellants upon their counterclaim in the action No. 35,364, as well as upon their respective petitions in the actions Nos. 35,422 and 35,423, and rendered judgment dismissing the counterclaims and both petitions. It was also adjudged that appellee have the legal title and actual possession, and directed a deed to be made to appellee for the lot, correcting the mistake made in the first deed.

The two actions now before this court are by ordinary proceedings and were each commenced the 2d of December, 1880, the action of *Virgil Garrison v. City of Louisville* being for the recovery of the northern half, and the action of *Neal v. City of Louisville* being for the recovery of the southern half of the lot.

For its defense to the two actions appellee pleaded and relied upon the judgments rendered in the actions aforesaid. On the 21st of February, 1881, the court below upon the trial of the actions sustained the motion of appellee for judgment on the face of the pleadings, and dismissed the petition in each case. From that judgment this appeal is prosecuted.

In its defense to each of the actions appellee pleaded not only the preceding judgments in the first action for the sale of the property, but also pleaded and relied upon the proceedings and judgment in the three cases tried together. Not only did the court, in the actions tried, adjudge that appellee was entitled to the relief prayed for by it, viz.: the execution by the commissioner of court of a deed correcting the mistake made in the first deed, and that the counterclaim in that action as well as the petitions of appellants be dismissed, but adjudged that appellee had the legal title and actual possession of the lot, and that the judgment rendered in the first action was a bar to the recovery by appellants upon either their counterclaims or petitions. The effect of the judgment rendered in the first action was to

invest appellee with the legal title as well as the possession of the lot.

In the second action appellee alleged a mistake in the deed and sought judgment correcting the mistake and quieting its title. The appellants in their respective counterclaims filed in the second action by appellee, as well as in their petitions in the third and fourth actions, alleged that they each owned at the time the judgment for the sale of the lot was rendered, not an undivided interest in the whole lot, nor any of it jointly with the other defendants in the first and second actions, but that they each owned distinct parcels of the lot.

Those allegations may be true without invalidating the judgment for the sale or the sale in pursuance of it. For the first action was not for the purpose of trying either the right of possession or the title, nor was either put in issue or litigation, both being conceded to be in the defendants to the action, including appellants. The object of that action was to enforce an alleged lien upon the lot, and subject it to the payment of taxes due, and for the payment of which it was adjudged liable. Whether the taxes were due as alleged, and whether the lot was encumbered with a lien in favor of appellee for their payment, were the issues submitted to the court and tried in that action.

We are unable to perceive how the two cases cited by counsel for appellants can be made to apply here. In those two cases the title and possession were put in issue and tried. In the first case brought by appellee the title was conceded to be in the defendants thereto, including appellants, and unless it had been done the action could not have been maintained against them. In the second case appellee, being in possession and holding the legal title under the previous judgment, sought to have its title quieted, and pending that action appellants commenced their two actions setting up title to the property and seeking to recover the possession. The court adjudged that the judgment rendered in the first action was a bar to both the counterclaims and the separate actions by appellants.

As the record stands the court below could, in our opinions, do nothing else than dismiss the petitions, particularly as the judgment rendered November 26, 1880, in the three cases, has

not been reversed, vacated or modified. The judgment in each case must be *affirmed*.

*Buford Twyman*, for appellants.

*H. M. Lane*, for appellee.

[Cited, *Shaw v. Milly's Exr.*, 23 Ky. L. 645, 63 S. W. 577; *Hill v. Clark*, 32 Ky. L. 595, 106 S. W. 805.]