KNEELAND *v.* HULL.

1. TAXES—DESCRIPTION OF LANDS—LOTS ASSESSED TOGETHER.

Act No. 206, Pub. Acts 1893, § 25, subd. 4, provides that platted lands may be described in the assessment roll by reference to the plat, and by the number of the lots and blocks thereof. Subdivision 5 provides that when two or more parcels adjoin, and are used and occupied together, they may be assessed by one valuation. Section 53 provides that a part owner of property assessed as one description may pay on the part owned by him. Section 66 empowers the court, before decreeing the sale of lands of different owners which have been assessed together, to separate the same, and apportion to each parcel its just proportion of the taxes. Section 70 provides that each parcel described in the decree shall be separately exposed to sale for the total taxes, interest, and charges. *Held*, that where several platted lots have been properly assessed as one description, and the tax extended against that description as a whole, it is proper to treat it as one parcel in subsequent proceedings.

2. SAME—VALIDITY OF ASSESSMENT—EFFECT OF DECREE.

When a decree is entered against such a description as one parcel, it is a determination of the legality of the assessment.

3. SAME—CONFLICT BETWEEN TAX RECORD AND TREASURER'S CERTIFICATE.

In case of conflict between the tax record and the county treasurer's certificate of sale as to the interest in the land sold, the former will control.

4. SAME—TAX DEED—ERROR IN DESCRIPTION—CORRECTION.

A tax deed issued under the law of 1893 will not be held absolutely void, in a suit to quiet title based thereon, because it purports to convey the entire land, when in fact only an undivided interest was sold, but the error may be corrected by the decree in such suit.

Appeal from Grand Traverse; Corbett, J. Submitted January 5, 1898. Decided March 1, 1898.

Bill by Fred A. Kneeland and John H. Cole against Francis H. Hull and George E. Sprang to quiet title.

Defendants filed an answer in the nature of a cross-bill. From a decree for defendants, complainants appeal. Reversed.

*Tweddle & Cross*, for complainants.

*B. T. Halstead* and *Charles F. Hull*, for defendants.

MONTGOMERY, J. Complainants filed a bill in the circuit court of Grand Traverse county, in chancery, to quiet title to lots 71, 72, 73, 74, and 75 of block 3 of Oak Park addition to the village of Traverse City, relying upon a deed made by the auditor general on a sale made on decree entered in December, 1895, for the taxes of 1893. Defendants filed an answer in the nature of a cross-bill, asking to have the deed to complainants declared a cloud on defendants' title, and set aside. The objections taken to the proceeding were two: *First*, that the deed to complainants covered the whole of the lands, whereas the record of sale shows that but five-sixths of the lands were sold; and, *second*, that the sales were not made in parcels, but the five lots were offered in a body. The decree below was in favor of defendants. The complainants appeal. The case turns upon the validity of the two objections to the tax proceedings above stated.

1. Subdivisions 4 and 5, § 25, Act No. 206, Pub. Acts 1893, provide that "in case of land platted or laid out as a town, city, or village, or as an addition to a town, city, or village, the same may be described by reference to such plat, and by the number of the lots and blocks thereof. * * * When two or more parcels of land adjoin and are used and occupied together, they may be assessed by one valuation." Section 53 provides that any person owning an undivided share or any other part or parcel of property assessed as one description may pay on the part thus owned. Section 66, regulating proceedings on hearing of the petition before the court, provides that, "If the lands of two or more persons have been assessed together, the court may, if practicable, separate the

same, and apportion to each parcel its just proportion of the taxes, interest, and charges." By the same section it is provided that the court shall determine the amount chargeable against each parcel of land, and shall order and decree that such several parcels of land, or so much of each as is necessary to satisfy the amount fixed, shall severally be sold as the law directs. Section 70 provides that each parcel described in the decree shall be separately exposed to sale for the total taxes, interest, and charges. We think it is manifest from these provisions that, under certain conditions, it is permissible to assess several platted lots as one description, and that in such case the tax is extended against this description as a whole, and that, when this is done, this description, although consisting of more than one platted lot, is treated as one parcel in the subsequent proceedings. We also think that, when a decree is entered against such a description as one parcel, this is a determination of the legality of the assessment.

2. It is contended by the complainants' counsel that the record shows that the complainants really purchased at the tax sale the whole of these lots; but we do not agree with the contention. The record of the county treasurer shows a sale of five-sixths. Section 70 provides for this entry, and the certificate should be based upon it. When the two conflict, we think the entry of the sale should be treated as the original entry.

Should the deed be treated void as a whole? No good reason occurs to us for so holding. True, we are cited to cases and text writers holding that statutory provisions should be construed strictly, and that strict construction is necessary in order to divest the original owner of his title; but these authorities have little force when sought to be applied to the present case. In this case we have a chancery sale of land on a valid decree, and, by mistake, the entire land was conveyed, instead of a five-sixths interest. It would seem clear that exact equity requires that this error be corrected.

The decree below will be reversed, and decree entered here declaring the complainants entitled to a five-sixths interest in the lands. Neither party will recover costs below. Complainants will recover costs of this court.

The other Justices concurred.