## BELL v. FORD.

No. 6946—Opinion Filed June 11, 1918.

(173 Pac. 524.)

(Syllabus.)

**Judgment — Validity — Defective Petition—Vacation.**

Where a court had jurisdiction of the parties and the subject-matter of the litigation and had jurisdiction to determine the particular question adjudicated, the judgment is not void because the petition was defective, and such a judgment will not ordinarily be set aside on petition to vacate same for the reason that the petition failed to state a cause of action, where no appeal was prosecuted therefrom.

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Petition by Samuel E. Bell to vacate a judgment rendered against him in favor of R. P. Ford. Demurrer to petition sustained, and petitioner brings error. Affirmed.

C. R. Thurlwell, John R. Woodard, and R. M. Roddie, for plaintiff in error.

F. P. Lieuallen and W. F. Schulte, for defendant in error.

HARDY, J. Samuel E. Bell filed a petition in the district court of Pontotoc county to vacate a judgment theretofore rendered against him in favor of R. P. Ford in said court. Demurrer was sustained to his petition, and he brings error. The only question urged for reversal is that the petition in the original action wherein the judgment complained of was rendered failed to state a cause of action in favor of the plaintiff and against the defendant therein.

The petition alleged that plaintiff was the owner in fee of the lands therein described and that defendant claimed an interest therein, the nature of which was set out by reference to a certain oil and gas lease executed by plaintiff to defendant, which was attached as an exhibit to and made a part of the petition. It was further alleged that defendant had no right, title, interest, or estate of any kind therein, and that said lease was a cloud upon the plaintiff's title, and it was prayed that defendant be required to appear and set forth his claim and that he be forever barred from asserting any right, title, interest, or estate in and to said lands, and that said lease be canceled and held for naught, and that plaintiff's title be forever quieted, and for such other and further relief as the nature of the case might require.

The petition is said to be fatally defective because a copy of the lease was attached to

and made a part thereof, from which it appeared that the lessee therein had six months from the date of the execution of the lease to commence development of the leased premises and in lieu of development had the option to pay a certain stipulated annual rental, and that the lease contained no forfeiture clause under which lessor might terminate the lease for failure to comply with its terms, and that, the rentals not being payable in advance, the action was prematurely brought.

The court had jurisdiction of the parties and of the subject-matter of the litigation, and also had jurisdiction to construe the petition and determine for itself whether same stated a cause of action in favor of plaintiff and against the defendant, and if in the determination of this question it committed error its judgment might be reversed on appeal; but the mere fact that the court reached an erroneous conclusion would not render the judgment void. Welch v. Focht et al., 67 Okla. —, 171 Pac. 730; Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, 28 L. Ed. 1005; Fourniquet et al. v. Perkins, 7 How. 160, 12 L. Ed. 650; Black on Judgments, § 244; 23 Cyc. 1124-1136; 15 R. C. L. 957, § 433, art. Judgments.

The appeal is not from the judgment, and therefore we are not permitted to review any of the errors committed by the trial court in that proceeding, but are limited to a review of the decision in its ruling upon the demurrer to plaintiff's petition to vacate the judgment. Ordinarily, a judgment will not be set aside on account of defective or insufficient pleadings where no appeal was prosecuted therefrom, especially where the alleged fault was amendable, in the absence of other grounds justifying such action. 23 Cyc. 929.

There being no other reason for reversal of the judgment, the same is affirmed.