**BARANCO et al. v. REYMOND et al.***
No. 1752.

Court of Appeal of Louisiana. First Circuit.

Nov. 6, 1937.

Fred G. Benton and C. G. Spaht, both of Baton Rouge, for appellant.

G. T. Owen, Jr., of Baton Rouge, for appellees.

DORE, Judge.

The suit is to confirm a tax title and to correct the description of the property described therein. There are two separate plots of ground described in the petition to which the title is sought to be confirmed and the description corrected. The defendants are the original tax debtor, the assessor, and the tax collector. The tax debtor filed an exception of no cause or right of action, which exception was sustained as to one of the tracts and overruled as to the other. This appeal is by the plaintiffs from the judgment dismissing their suit on the exception as to one tract. The other tract is not concerned in this appeal as a judgment by default was confirmed as to this latter tract.

The tax deed is dated August 7, 1930, and purports to convey to the tax purchaser, B. V. Baranco, through whom plaintiffs claim, 19 acres in the following lots, Hundred Oaks Park: Then follows the description of several lots designated by numbers as "sites" in certain squares with certain measurements and street boundaries, and then follows the description of the lot here in question as follows: "Also a strip 150x140 ft. between sites 8 and 9 being lots 10, 11, 12 Sq. 5 of L. Q. Huey map filed March, 1920, on Reymond Ave."

Plaintiffs allege in their petition that there are two plans of Hundred Oaks Park on file in the plan book of East Baton Rouge parish; the first one in plan book 1, page 24, shows square 5 to be laid out into parcels called "sites" and that this plan shows a site 150 feet front on Reymond avenue by a depth of 140 feet between sites 8 and 9 marked "Reserved"; that on the other plat filed, known as the L. Q. Huey map, this same property is described as lots 28, 29, and 30 of square 5, and that it was an error on the part of the assessor and tax collector in describing this tract as lots 10, 11, and 12, square 5, of the Huey map; that the property intended to be sold was this site 150 feet by 140 feet between sites 8 and 9 on Reymond avenue shown on this first-mentioned plan, and plaintiffs ask that the description be corrected accordingly and the tax title confirmed.

The exception of no cause or right of action to this tract was sustained by the trial court on the ground that the description of the property is so defective as not to reason-

*Rehearing denied 177 So. 422.

ably identify the property, and, therefore, the tax sale is a nullity and cannot be confirmed or the description corrected in this suit.

A sketch showing the two plans of Hundred Oaks Park is annexed to the petition for reference. According to this sketch and the allegations of the petition, the property would have been correctly described by the first plan as a strip 150 by 140 feet between sites 8 and 9 on Reymond avenue, had not the further description been added, being lots 10, 11, and 12, square 5, of the Huey map. All of the other property in Hundred Oaks Park described in the tax deed preceding the description of this strip is described by sites and not by lot numbers, that is to say this other property is described by the first plan which uses site numbers instead of lot numbers as used on the Huey plan. The strip between sites 8 and 9 as shown on this first plan is 150x140 feet and is on Reymond avenue, while lots 10, 11, and 12, square 5, of the Huey plan are not on Reymond avenue, but are on Edward avenue, and, as the sketch is made, lot 12 is not 140 feet deep on one side. Furthermore, according to the allegations of the petition, which must be taken as true for the purpose of this exception, the taxes on lots 10, 11, and 12 had been paid for the year 1929, the year for which the assessment and sale were made.

Section 1 of Act No. 140 of 1890 reads as follows: "For the purpose of taxation and tax sales it shall be sufficient to assess and describe all property according to such a description as will reasonably identify the property assessed; such as designating the tract or lot by the name by which it is commonly known, or by the number or letter by which it may be usually designated upon the regular assessment rolls, or upon an official or private plan or sketch or by giving the boundaries or the name of the owners upon each side, or by the dimensions or description or name given in the act translating the ownership thereof, or by such other further description as may furnish the means of reasonable identification."

█ The question raised by the allegations of the petition is whether or not the description of the property in the tax deed through which plaintiffs claim is sufficient to reasonably identify the property intended to be sold. If the property attempted to be sold cannot be identified because of defects in the description, there was no valid sale.

Claiborne v. Lezina et al., 175 La. 635, 144 So. 131.

It will be noted, however, in that case that the tax debtor owned sixteen lots in a numbered square, and in the assessment and tax sale none of the lots was described by numbers, nor was it stated that the assessment and sale covered all of the lots in the numbered square owned by the debtor. There was no way to determine whether one lot, two lots, or sixteen lots were sold, and, if they were not all sold, there was no way to determine the ones that were sold.

But in this case, if plaintiffs can prove that the taxes had been paid on lots 10, 11, and 12, square 5, of the Huey plan or map, this fact, coupled with the fact that the other property in the tax deed is based on the first plan and the fact that this strip is located between sites 8 and 9 and is located on Reymond avenue, would indicate an intent to sell the strip between sites 8 and 9 and that the effort of the tax authorities to further describe the property as lots 10, 11, and 12, square 5, of the Huey map was an error.

The Supreme Court upheld a tax title in Fellman's Heirs v. Interstate Land Co., 163 La. 529, 112 So. 405, where lots were described as fronting on the wrong street. In that case it was held that the error in the description was patent and could not be misleading.

█ The tax purchaser has the right to show aliunde the tax deed the identity of the property sold, and to correct the description in the tax deed so as to correctly describe the property purchased at tax sale. Brown et al. v. Tauzin et al. (La. App.) 163 So. 764. Where the description of the property in the tax deed is so defective as to describe no property at all, the tax sale is null and cannot be confirmed, but, where the description is merely ambiguous and the property may be identified by evidence de hors the deed, the sale is not null but the correct description may be shown in an action to confirm the title. In this case plaintiffs are entitled to clear up if they can the apparent ambiguity in the tax deed.

For these reasons, it is ordered that the judgment appealed from be annulled, reversed, and set aside, the exception of no cause or right of action overruled, and the case is hereby remanded to the lower court for trial in accordance with law; defendant Reymond to pay the costs of this appeal, all other costs to await the final determination of the case.