Albert PERKINS, Hazel Perkins, Emmett C. Golden and Betty J. Golden, Plaintiffs in Error,

v.

Louis R. MASEK, Defendant in Error.

No. 38286.

Supreme Court of Oklahoma.

July 5, 1961.

Rehearing Denied Nov. 7, 1961.

As Amended Nov. 27, 1961.

Application for Leave to File Second Petition for Rehearing Denied Nov. 28, 1961.

Hamilton & Kane, Pawhuska, for plaintiffs in error.

Bert Lawton, Chas. R. Gray, W. N. Palmer, Pawhuska, J. E. Ingersoll, Tulsa, for defendant in error. ·

JOHNSON, Justice.

On May 9, 1955, the County Treasurer of Osage County, Oklahoma, executed and delivered to plaintiff in error, Albert Perkins, hereafter referred to as Perkins, a resale tax deed to the tract of land in controversy. The deed was duly recorded May 13, 1955. In the tax deed the tract was described as "4½ acres out of SW SE NW, Sec. 20, Twp. 20, Range 12, Osage County, Oklahoma." It is agreed that to correctly describe the tract the word "east" must appear at the beginning of the quoted description. Perkins went into possession of the tract through his tenants, plaintiffs in error Emmett C. Golden and Betty J. Golden, hereafter referred to as Goldens.

When the tract was sold for delinquent ad valorem taxes, it was owned by the defendant in error, Louis R. Masek, hereafter referred to as Masek. The Goldens were tenants of Masek prior to their becoming Perkins' tenants.

On December 23, 1955, Perkins filed case No. 20,423 in the District Court of Osage County against Masek and others to quiet his title to the tract in question and to correct the description thereto as same appeared in the tax deed. Service on defendant Masek was by publication. Masek filed no pleading in said action.

On February 13, 1956, judgment was entered in the above referred to case No. 20,423 in favor of Perkins. By the judgment Perkins' title to the tract was quieted as to all defendants, and the description in the tax deed was corrected. No appeal was taken from this judgment. In the journal entry of judgment in said case the court

found that the balance of the defendants had been duly and regularly served by publication and approved the affidavit to approve service by publication, the notice by publication and the affidavit with reference to mailing.

On April 2, 1956, the Perkins conveyed the tract in question to the Goldens. Thereafter, on May 9, 1956, Masek filed the instant action against the Perkins and others to quiet his title to the tract and cancel the tax deed issued to Perkins. On October 22, 1956, the plaintiff Masek filed an amendment to his petition wherein he enlarged upon the allegations of his original petition. The Perkins and Goldens were made parties defendants in this case, and they subsequently filed answers wherein they pleaded among other things that the judgment rendered in case No. 20,423 was res judicata and a bar to Masek's action in this case.

On February 19, 1957, Masek filed a second amendment to his petition in which he again enlarged upon the allegations of his original petition and amended petition and for the first time mentioned and attacked the judgment rendered in case No. 20,423. In said amendment Masek prayed that judgment in case No. 20,423 "be declared void on its face, and the judgment roll therein be set aside, invalidated and the said action to quiet title be declared void, and said void judgment be set aside as a cloud upon the title of plaintiff owner of said real property, and that the title be quieted in L. R. Masek as prayed for in the plaintiff's original petition and these amendments to his petition, for damages and costs, and for such other proper and equitable relief as L. R. Masek, plaintiff herein, is entitled." The petition and amendments thereto were verified. In the first amendment to the petition it was stated in substance that the allegations of the petition were made a part of the amendment, and in the last amendment to the petition it was stated in substance that the petition and amendment thereto were made a part of said amendment. The defendants Perkins and Goldens were each given per-

mission to refile their answers to the last amended petition.

Upon trial, judgment was entered in favor of the plaintiff Masek, quieting his title to the tract. In the journal entry of judgment it was found that the judgment roll in case No. 20,423 was valid on its face; that Masek's attack upon same was a collateral attack and not a direct attack; that the instant action was filed within the term in which judgment in case No. 20,423 was rendered seeking in effect to have the court correct its judgment by declaring the judgment roll in case No. 20,423 void upon its face and vacated; that the attorneys representing the plaintiff, Albert Perkins, in case No. 20,423, made diligent inquiry to ascertain the place of residence or whereabouts of the defendant, Lewis R. Masek, but that the defendants, Albert Perkins and Emmett C. Golden, were possessors of information by reason of the occupancy of the said property by the defendant, Emmett C. Golden, as tenant, which they did not disclose to their attorneys which might have enabled the said attorneys to ascertain the last known place of residence or business of the said Lewis R. Masek and to mail him a copy of the publication notice and petition in case No. 20,423. The court found that the plaintiff Perkins in case No. 20,423 failed to reveal to his counsel such information which the plaintiff and tenants had when Perkins directed the Goldens, as tenants, to pay no further monthly house rent to Masek and by reason thereof, the statements in the affidavit in support of publication service were incorrect, untrue and insufficient; that the evidence was more than sufficient, clear and convincing that the purported service by publication was invalid and was the result of lack of reasonable search, inquiry and exercise of due diligence upon the part of the plaintiffs Perkins and Golden, and that the court was without jurisdiction of the defendant Masek and without jurisdiction to render the judgment it did render, and the purported judgment rendered in case No. 20,423 was no judgment and is void and should be vacated, and that the court

acquired no jurisdiction over the defendant Masek.

■ The trial court's finding that the instant action in so far as it relates to relief from the judgment rendered in case No. 20,423 was in effect instituted at the same term of court at which said judgment was rendered is clearly contrary to the record. While the instant action was filed at the term of court at which judgment in case No. 20,423 was rendered, no mention of said judgment nor attack thereon was made by the plaintiff Masek in his pleadings until after said term of court had expired. The attack was not in fact made until the Perkins and Goldens had filed their answers in which they pleaded as an affirmative defense the judgment in case No. 20,423 as res judicata and a bar to Masek's action in the instant case. The issue thus presented by said answers could have been joined by Masek filing a reply thereto. In St. Louis-San Francisco Ry. Co. v. Stuckwish, 137 Okl. 251, 279 P. 683, this is stated in the first portion of the third paragraph of the syllabus:

"Where an answer setting up a former adjudication is sufficient on its face, but is in fact untrue, such fact should be put in issue by a reply thereto, * * *"

■ The fact that Masek elected to raise said defensive matter by amending his petition is, in our opinion, under the facts of this case without significance. Moreover, the actions stated in Masek's original petition constituted ordinary actions cognizable in equity. The relief that he sought in his second amended petition against the judgment represents an "independent proceeding" or "independent action." Bradshaw et al. v. Eudaly et al., 202 Okl. 640, 217 P.2d 522, and Zipperle et al. v. Smith, Okl., 304 P.2d 310. It is therefore apparent that the amendment in so far as it relates to an attack on the judgment does not represent an amendment to an action stated in the original petition and does not relate back to the filing of said petition. We

are of the opinion that the following quoted rule announced in the first paragraph of the syllabus to Rice et al. v. Folsom, 32 Okl. 496, 122 P. 236, is applicable by analogy to the situation presented by this appeal:

"A motion for a new trial may be amended after the three days allowed by statute for filing the same by a clearer, more appropriate statement or elaboration of the grounds contained therein; but such an amendment, filed after the statutory time has passed, cannot set up new and independent grounds therefor."

This conclusion is further sustained by the case of Wheeler v. City of Muskogee, 51 Okl. 48, 151 P. 635, 640, wherein the opinion contains the following:

"This is not a case where the amendments merely elaborate upon the previous causes of action brought within the statute of limitations, but under the pretense of an amendment sets forth entirely new grounds for relief. When an entirely new cause of action or additional and independent grounds for an injunction are incorporated in an amended petition after the statutory time for filing such cause of action has expired, in applying the statute of limitations, the time will be computed as of the date of filing such amendments."

Masek contends that the provisions of 12 O.S.1951 § 176, are applicable. It is provided in substance in the cited statute that where default judgment is rendered following service by publication, the judgment shall be opened and the defendant shall be let in to defend if he applies for such relief within three years from rendition of the judgment.

■ The statute only applies where it is shown that the defendant "had no actual notice (of the action) in time to appear in court and make his defense." The record shows that Masek had actual knowledge of the pendency of case No. 20,423 in time to appear and defend. Therefore, the pro-

visions of Sec. 176, supra, are not applicable. 30A Am.Jur. Judgments, Sec. 700, p. 665.

In view of the fact that relief was not sought during the term of court at which judgment in case No. 20,423 was rendered, and the further fact that the provisions of Sec. 176, supra, are not applicable, the trial court was without jurisdiction to vacate said judgment unless there was a substantial compliance with the provisions of 12 O.S. 1951 §§ 1032 and 1033. In Allen v. Allen, 201 Okl. 442, 209 P.2d 172, 176, 14 A.L.R. 2d 216, this was said:

"We have many times held that after the term at which a judgment was rendered the trial court loses control over the judgment, and is without jurisdiction to vacate, change, or modify it unless there is a substantial compliance with the terms of the statute, 12 O.S. 1941, §§ 1032, 1033." (Citing cases.)

The trial court did not find that the Perkins nor the Goldens were guilty of extrinsic fraud. As a matter of fact, the Goldens were not parties to case No. 20,423. While Masek mentions fraud on the part of the Perkins and Goldens in his second amended petition, this allegation is based upon the supposition that the Goldens as tenants of Masek knew Masek's address in Alaska; that the Perkins should have gone to the Goldens and learned Masek's address and made same known to the attorneys who prosecuted case No. 20,423. The Goldens remitted rent on the tract to an attorney and agent of Masek who resided in Tulsa. There is no proof that the Goldens knew Masek's address. There is proof that said attorney learned of the tax sale and of the quiet title action prior to judgment being rendered in case No. 20,423. The record also shows that Masek's brother, who also resided in Tulsa, was advised of the pendency of case No. 20,423 before judgment was rendered therein and that he advised Masek of the action and also so advised the attorney who was acting as Masek's agent. The brother, prior to judgment being rendered, also conferred with another lawyer who practiced law in Tulsa relative to the tax sale and Perkins' action to quiet title.

In view of the fact that relief was not sought from the judgment in case No. 20,423 during term time and the further fact that the provisions of Sec. 176, supra, are not applicable, the findings of the trial court to the effect that since the Perkins did not exercise diligence in learning Masek's address and that the allegations relative to diligence are "incorrect, untrue and insufficient" are, under the record, without probative effect. As heretofore pointed out, the trial court found in said judgment that the publication service had therein was regular and that the affidavit for service by publication was approved. This finding accords with the judgment roll in No. 20,423. In Samuels v. Granite Sav. Bank & Trust Co. et al., 150 Okl. 174, 1 P.2d 145, this is said in the first paragraph of the syllabus:

"Where service is obtained by publication, and the judgment recites 'that each and all of the defendants have been lawfully served by publication, and notified to appear and answer in said cause,' and there is nothing on the face of the record to show irregularity of the service, an attack on the judgment as being void because of failure to make and file affidavit as required by Section 252, C.O.S. 1921, can only be made under the third subdivision of section 810, C.O.S. 1921."

See also Ritchie et al. v. Keeney, 181 207, 73 P.2d 397, and Vinson v. Oklahoma City, 179 Okl. 590, 66 P.2d 933.

In the judgment in the instant case the trial court found and held that "the judgment in case No. 20,423 as taken from the judgment roll is valid upon its face and that this case, same being No. 20,514, is a collateral attack rather than a direct attack upon the said valid judgment."

Plaintiff Masek earnestly contends that the judgment roll in case No. 20,423 shows upon its face that the judgment therein is void. This contention is bottomed up-

on the proposition that the tax deed to Perkins was by reference made a part of the petition filed in said case, that since said deed shows that the tract was therein improperly described the petition failed for said reason to state a cause of action to quiet title and that the trial court in any event was without jurisdiction to correct the tax deed.

It is first submitted that the description in the tax deed is so indefinite that the deed is void. With this contention, we agree.

"In a tax sale proceedings the designation of a quarter section of land 'less seven acres' without any clue on the face of the tax proceedings to indicate the identity of the seven acres excluded is incorrect and legally inadequate." Schuman v. Moses, 193 Okl. 634, 146 P.2d 290.

"Where a tax deed attempts to convey a portion of a tract of land, it must be so particularly described that it can be definitely located within the boundaries of the larger tract, and it is not sufficient to describe it as a 'part', 'balance', 'fractional part', 'residue', or so many acres out of the tract, or as a tract less or excepting a given number of acres." Anderson v. Hill, 205 Okl. 561, 239 P.2d 1016, 1017.

We must next determine whether the judgment reforming the tax deed is void. In this case the answer to such question is one of the power of the court, not the correctness of the decision. We are constrained to hold that the district court has the power to reform a tax deed under the proper circumstances. We are not here concerned with the correctness of the ruling inasmuch as this is a collateral attack. We hold that the district court has the power to reform such a deed. Kneeland v. Hull, 116 Mich. 55, 74 N.W. 300; Hickman v. Kempner, 35 Ark. 505; Crompton v. Kirkland, 157 Fla. 89, 24 So.2d 902; Riggle v. Skill, 9 N.J.Super. 372, 74 A.2d 424; Baranco v. Reymond, La.App., 176 So. 673.

This brings us now to a consideration of the validity of the judgment entered in case No. 20,423 quieting title. An examination of the judgment roll in that case reveals that this was a suit to quiet title to a tract of land described as the "East 4½ Acres of the Southwest Quarter of the Southeast Quarter of the Northwest Quarter of Section 20, Township 20 North, Range 12 East of the Indian Base Meridian less a strip 25 feet wide along the south side of the said 4½ acres."

No contention is made that the above description is invalid. The proceedings in this case are regular and carried to final judgment. The judgment entered on February 13, 1956, and the tax deed as reformed correctly described the land involved herein.

It is urged that the judgment entered is void for the reason that the tax deed attached to the petition is a void deed.

This is no new contention before this court. Prior to 1926 this court had rendered judgment in the case of Jackson v. Turner, 107 Okl. 167, 231 P. 290, that the purchaser of a void tax deed who brought a quiet title action against all interested parties, *as disclosed by the deed record,* did not preclude a person who held an unrecorded deed from attacking such judgment as void.

In 1926 this court issued its opinion in Lind v. Goble, 117 Okl. 195, 246 P. 472, which case specifically overruled Jackson v. Turner and held as follows: 1. That the holder of an unrecorded deed is bound by a judgment against his grantor; 2. That a judgment establishing the validity of a void tax ded, which deed was attached to the petition as an exhibit, is good against the world.

This was the first decision of this kind in Oklahoma and in line with the vast majority of decisions throughout the United States. The only argument ever advanced against the conclusion reached therein has been that since the tax deed attached to

the petition was admittedly void that the petition failed to state a cause of action and therefore no valid judgment could be based thereon. But is such contention sound?

In the early case of Kaufman v. Grow, 59 Okl. 193, 158 P. 300, 301, in the body of the opinion it is said:

"Under the facts as presented by the record, it seems to us but one question is preserved, 'Is the judgment void?' Counsel for defendants insist that it is, and say the petition does not state facts sufficient to constitute a cause of action; but with this contention we cannot agree. Counsel say plaintiff did not offer to return, or tender in his petition, a deed to defendants for the property, but by defendants' failure to take the proper steps and timely exception, followed by a motion for new trial, etc., within the three days' statutory time, cannot now, in the condition of the record, raise what perhaps would not have been more than an erroneous act of the court, and which might have resulted in a reversible error.

"In the case of Smith v. Finger, 15 Okl. 120, 79 Pac. 759, paragraph 4 of the syllabus, it is said:

"'Where a court has jurisdiction of the subject-matter of an action and of the parties, and the judgment rendered is not in excess of the jurisdiction and powers of the court, errors and irregularities in the proceedings by which the judgment was obtained will not render the judgment void; but, until vacated or set aside in a proper proceeding, it is valid and binding upon the parties.'"

This rule has been followed in National Surety Co. v. S. H. Hanson Builders' Supply Co., 64 Okl. 59, 165 P. 1136; Bell v. Ford, 68 Okl. 235, 173 P. 524; Hill v. Persinger, 57 Okl. 663, 157 P. 744; Foster v. Focht, 102 Okl. 261, 229 P. 444, and McDougal v. Rice, 79 Okl. 303, 193 P. 415.

In Woodrow v. Ewing, Okl., 263 P.2d 167, 171, we quoted with approval from Freeman on Judgments (5th Ed.) Vol. 1, pgs. 743 & 744:

"If the court in rendering the judgment stays within the powers conferred upon it by law and does not transcend the jurisdiction it has acquired in the particular case, its decision, however, erroneous, is at most voidable and not for that reason subject to challenge in an independent proceeding.

*   *   *   *   *   *

"To say that a court is divested of its jurisdiction to decide matters properly brought before it, by deciding them erroneously, is to deny it the very power it is called upon to exercise.

"* * * Obviously the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct, until set aside or corrected in a manner provided by law."

Such a rule is absolutely essential to the stability of titles.

Reversed with directions to enter judgment in conformity with this opinion.

WILLIAMS, C. J., and WELCH, DAVISON, JACKSON and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and HALLEY and IRWIN, JJ., dissent.

IRWIN, Justice (dissenting).

Case No. 20,423, referred to in the majority opinion was an action in the District Court of Osage County to reform a void tax deed and to quiet title to the property described in the reformed tax deed. The issue in that case was not the validity or invalidity of the tax deed as issued by the County Treasurer, but the reformation of a void tax deed, the determination that

the same as reformed was valid and quieting title to the property described in the reformed tax deed.

In my judgment, the controlling and decisive issue involved in this appeal is the power and the authority of the District Court to render the judgment it rendered in Case No. 20,423. For the reasons hereinafter set forth, I can see no legal distinction in the case at bar and in this hypothetical situation: A owns tract X; the taxes on X become delinquent and are subject to be sold for taxes; all the proceedings relating to the tax sale describe tract Y; the tax deed describes tract Y and the same is issued to B. B institutes an action against A to reform the tax deed so that the description will cover tract X and to quiet title to tract X. In my opinion, if a district court does not have the power and authority to reform the tax deed and quiet title under the circumstances set forth in the hypothetical situation, it did not have the power and authority to reform the tax deed and quiet title thereto in Case No. 20,423.

I say there is no legal distinction between the circumstances in the case at bar and the hypothetical situation because of the fact that the description in the void tax deed which the trial court reformed, and the description of the property in all the proceedings relating to notice, sale and issuance of the void tax deed, were insufficient to particularly describe and identify the property and did not furnish an unmistakable clue as to the identity of the tract, and its location could not be definitely ascertained within the boundaries of a larger tract. The only way the location of the property could be ascertained was by parol evidence and evidence dehors the record. The rule in Oklahoma is that parol evidence and evidence dehors the record is not admissible to supply the deficiency in a description to show what property the assessor intended to assess and sell for delinquent taxes. See Watts v. Meriwether, 184 Okl. 32, 84 P.2d 643. This proposition will be discussed later.

The majority opinion holds that the tax deed was void because the description was too indefinite but that the district court had the power to reform such deed. To sustain the district court's power to reform the void tax deed the majority opinion relies on cases from other states which in my opinion are not applicable or even persuasive. The cases relied upon are: Kneeland v. Hull, 16 Mich. 55, 74 N.W. 300, decided by the Supreme Court of Michigan in 1898. In that case the County Treasurer's record of the tax sale showed that a five-sixths interest was sold and the tax certificate attempted to convey the whole interest and the court held that when the County Treasurer's record of a tax sale and the certificate based thereon conflict, the former must be treated as the original entry. Hickman v. Kempner, 35 Ark. 505, decided by that court in 1880, held that where an owner intends to pay the taxes on one tract, and so informs the collector and pays him the proper amount, and the collector by mistake, gives a receipt for a different tract, and the one actually paid on is delinquent and sold for taxes, the owner may show the actual payment against the purchaser at tax sale. Crompton v. Kirkland, 157 Fla. 89, 24 So.2d 902, held that if land is sold for a tax improperly assessed, the true owner, if in possession, may maintain a bill in equity against purchaser to quiet title. In Riggle v. Skill, 9 N.J.Super. 372, 74 A.2d 424, a judgment was affirmed which set aside a deed where the purchaser was either guilty of fraud or had knowledge of a mutual mistake of fact between him and the taxing authorities. Baranco v. Reymond, La.App., 176 So. 673, held that where the description in a tax deed is so defective as to describe no property at all, the tax sale is null and cannot be confirmed, but, where the description is merely ambiguous and the property may be identified by evidence dehors the deed, the sale is not null, and the correct description may be shown in an action to confirm the title. Neal v. Louisville, 3 Ky. Law Rep. 614, was an appeal from Jefferson Circuit Court, which was affirmed and

filed by the Supreme Court in 1882, and not reported.

In my judgment, only one of the above cases would be applicable to the case at bar if such holding were not contrary to this Court's holding, and that is the Louisiana case of Baranco v. Reymond which held that evidence dehors the record can be admitted to clarify an ambiguous deed. In my opinion, Oklahoma is committed to the rule that where a tax deed is void for the reason the description is too indefinite, the same is not subject to reformation. However, we have qualified this rule by holding if a tax deed itself contains a description which identifies and furnishes an unmistakable clue as to the identity of the land, and its location can be definitely ascertained within the boundaries of a larger tract, the deed can be reformed to show the correct and true description. See Watts v. Meriwether, 184 Okl. 32, 84 P.2d 643, and Schuman v. Moses, 193 Okl. 634, 146 P.2d 290.

In Watts v. Meriwether we said [184 Okl. 32, 84 P.2d 647]:

"* * * The rule is that if the assessment role or tax deed itself "contains a description which identifies and furnishes an unmistakable clue as to the land intended, parol evidence may be used to explain the description or apply it to its intended object; *but if the description is insufficient and furnishes no clue, parol testimony is not admissible to supply the deficiency and show what property the assessor intended to assess. * * *"* (Emphasis mine.)

It is apparent the Watts v. Meriwether rule is contra to the Louisiana rule with reference to the admissibility of evidence dehors the record. Therefore, in my judgment, because of the insufficiency of the description, parol evidence would not be admissible to supply the deficiency and such deed was not subject to reformation. And if the void tax deed was not subject to reformation, the trial court did not have the power or authority to reform the void tax deed.

In the case of State ex rel. Southern Surety Co. v. Armstrong, 158 Okl. 290, 13 P.2d 198, 199, we held:

" 'Power is synonymous with authority or right. Where it is clear that a court has no power under the law to render a particular judgment under any circumstances, the judgment is void, and subject to collateral attack.' State ex rel. v. District Court, 33 Wyo. 281, 238 P. 545.

" 'A judgment is void when it affirmatively appears from the inspection of the judgment roll, that any one of the three following jurisdictional elements are absent: First, jurisdiction over the person; second, jurisdiction of the subject matter; and, third, judicial power to render the particular judgment.' Winona Oil Co. v. Barnes, 83 Okl. 248, 200 P. 981."

I am of the conviction that the reformation of the void tax deed in Case No. 20,423, was beyond the power, right and authority of the trial court to grant and the judgment reforming the deed by correcting the description is void on the face of the judgment roll and of no force and effect and can be attacked in any proceeding, at any time. See State ex rel. Southern Surety Co. v. Armstrong, supra; Glover v. Warner, 135 Okl. 177, 274 P. 867; Thompson v. Yates, 184 Okl. 86, 85 P.2d 415; Zipperle v. Smith, Okl., 304 P.2d 310; Faulkner v. Kirkes, Okl., 276 P.2d 264, 47 A.L.R.2d 418; Magnolia Pet. Co. v. Young, Okl., 264 P.2d 757; and Pettis v. Johnston, 78 Okl. 277, 190 P. 681.

I therefore respectfuly dissent to the opinion promulgated by a majority of my associates.

I am authorized to state that Mr. Vice Chief Justice BLACKBIRD, and Mr. Justice HALLEY concur in the views herein expressed.