**Carl Henry GANN, Plaintiff in Error,**

v.

**Johnnie Mae GANN, Defendant in Error.**

**No. 42932.**

Supreme Court of Oklahoma.

Sept. 30, 1969.

Stipe, Gossett & Stipe, by Clyde Stipe, McAlester, for plaintiff in error.

Fred W. Whetsel, McAlester, for defendant in error.

LAVENDER, Justice.

This appeal involves an order of the trial court overruling an application to open a default judgment rendered against plaintiff in error, based on service by publication. He asserts as applicable 12 O.S. 1961, § 176:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court requires them to be paid, and make it appear to the satisfaction of the court, by affidavit, or other evidence that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; * * * The adverse party, on the hearing of an application to open a judgment or order, as provided in this section, shall be allowed to present counter affidavits or other evidence to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

The defendant's application to have the judgment opened was accompanied by an answer to the plaintiff's petition and was filed within three years after the date of the rendition of the default judgment. Defendant, in addition to alleging that the judgment was rendered against him without other service than by publication, alleged that the applicant had no actual notice or knowledge of the pendency of the action in time to appear in court and make his defense. He stated that he was not aware of the action until several months after the decree and judgment were rendered against him. In response to notice of hearing on the application the plaintiff in the action filed a motion to dismiss the application.

The case-made discloses service by publication on the defendant, with an affidavit showing the impossibility of mailing copies of the petition and notice by publication to the defendant at his place of residence or business. In a case such as here, insofar as the provisions of 12 O.S.1961, § 176 are concerned, an application to open a default judgment and be let in to defend presents to the trial court only the questions of whether or not the answer filed with the application is a "full answer," as required by the above statute and whether or not the applicant has satisfactorily made it appear to the court, by affidavits and/or other evidence, that, during the pendency of the action, the applicant had no actual notice thereof in time to appear in court and present his defense.

In the present case, the answer filed with the defendant's application to open judgment and be let in to defend appears to be a "full answer" as that term is used in the statute, supra. Consequently, although another question—the defendant's

being estopped, by accepting benefits under the judgment involved, from having the judgment opened and being let in to defend against other portions of the plaintiff's action—was raised and was decided by the trial court against the defendant—the first question (if not the only question) to be decided by the trial court was whether or not, during the pendency of the action, the applicant had actual notice of the pendency of the action in time to appear in court and make his defense. Unless that question be answered in the negative, the question of the defendant's being estopped from having the judgment opened, by accepting benefits thereunder, is immaterial, for, as suggested by the trial court, during the hearing on this application, estoppel to exercise a right pre-supposes that the party to be estopped has a right to be exercised, and, as stated in Perkins et al. v. Masek (1961), Okl., 366 P.2d 101, 104 this remedial statute (Section 176) only applies where it is shown that the defendant had no actual notice of the pendency of the action in time to appear in court and make his defense to it. Siler v. Siler (1960), Okl., 350 P.2d 510—cited by the defendant on the matter of estoppel, and in which the recital of the pertinent facts includes a flat statement that the defendant therein did not have actual notice of the pendency of the action—is not to the contrary.

In the present case, the trial court, in its journal entry concerning the application to open judgment, found that the defendant had actual notice of the pendency of the action in time to appear and defend, and also found that, by accepting benefits under the judgment involved, the defendant was estopped from having the judgment opened for the purpose of defending against other portions of the plaintiff's cause of action; and, based upon such findings, overruled the defendant's application to have the judgment opened and be let in to defend.

The judgment involved in the application to open judgment was rendered in a divorce action in which the defendant in error was the plaintiff and the plaintiff in error was the defendant. The judgment was rendered on the fifty-eighth day—eight weeks and two days—after the date on which the plaintiff's petition was filed. In the journal entry of such judgment, the trial court approved each of the instruments concerning service by publication on the defendant as being due, legal and statutory and granted a divorce to the plaintiff on the ground of extreme cruelty on the part of the defendant. The court also found that a specified number of cattle were the separate property of the plaintiff and set them apart to her, and awarded to the plaintiff, "in partial judgment in rem as alimony," certain real property and personal property and interests in real property, described in the journal entry, all located in Pittsburg County, Oklahoma, and constituting all of the property described in the plaintiff's petition and, according to the defendant's testimony, all of the property of the parties or either of them.

The defendant testified at the hearing on his application that he left Canadian, Oklahoma, where the home of the parties was located, on a date which was two days before the date on which the plaintiff filed her petition for divorce, went to California and did not return to Pittsburg County until a month or so after the date on which the judgment was rendered; that he did not write to his wife or daughter or any one else in Canadian about his whereabouts; that his wife never did call or write him about the divorce action; that he did not receive any notice of the pendency of the action from the plaintiff's attorney or from anybody else; that he heard about the divorce, in California, during the calendar month following the one in which the divorce was granted, from a friend who had been back to Canadian on vacation, and, after hearing about the divorce, married another woman in Arizona. On cross-examination, he testified that, when he left home, he did not tell any one where he was going; that, about five or six weeks after leaving Canadian and going to California he went to Mena, Arkansas, where

he was met by the woman, from Canadian, that he later married; that, in the meantime, he had talked by phone to this woman, "maybe twice," but did not remember whether she ever told him, either in those phone conversations or at Mena, Arkansas, about the divorce action brought by his wife.

The adult daughter of the parties (and only child of the marriage). testified that she was living at Eufaula when her father left home, and, at that time, moved back with her mother; that she and her mother tried to locate the defendant, but couldn't; that she learned about the affair between her father and the woman he later married, and two or three weeks after her father left home, talked to the woman, who told her that she knew where her father was, and that he was all right and not to worry about him, but would not tell the witness where he was; that the woman left Canadian about five or six weeks after the defendant did, and in the meantime, the witness had told the woman that her mother had filed for divorce; that the defendant's mother, sister and brother-in-law lived at Canadian, and, when the witness talked to them, they told her that they did not know where the defendant was.

It is to be noted that, although the defendant testified that neither his wife nor his daughter wrote him or called him about the pendency of the divorce action and that he did not receive any "notice" of the pendency of the action from the plaintiff's attorney or from any one else, he did not testify that, during the pendency of the action, he did not have any actual notice or knowledge of its pendency in time to appear in court and defend against it. Whether or not the evidence would support the trial court's affirmative finding that the defendant had actual notice of the pendency of the action in time to appear in court and defend against it, the defendant did not sustain the burden (cast upon him by the language of Section 176, supra) of making it appear, by affidavits and/or other evidence, that, during the pendency of the action, he had no actual notice

thereof in time to appear in court and make his defense. Consequently, he had no right to have the judgment opened and be let in to defend, and the question of his being estopped to exercise such a right does not arise.

The trial court did not err in overruling the defendant's application to have the judgment opened and be let in to defend with respect to the property which the trial court, in such judgment, awarded to the plaintiff as alimony.

Judgment affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, and HODGES, JJ., concur.

McINERNEY, J., concurs in result.